JULIUS AARON & SON v. BERRY et al.*
No. 5174.

Court of Appeal of Louisiana. Second Circuit.
Feb. 5, 1936.

*Rehearing denied March 2, 1936.

Stephens & Gahagan, of Natchitoches, for appellant.

Arthur C. Watson, of Natchitoches, for appellee.

## TALIAFERRO, Judge.

Julius Aaron & Son, defendant herein, held a money judgment against Johnnie Berry, a salaried employee of the city of Natchitoches, La., and in an effort to collect said judgment, caused the city to be made party garnishee, in appropriate proceedings. The formal interrogatories were propounded to and served on the mayor of the city, but no answer thereto was filed. The proceedings tied up the entire salary of Berry, and, desiring to have that part of same exempt from seizure released therefrom, he wrote the district judge a letter wherein he consented that judgment be rendered against the garnishee ordering it to pay over to Julius Aaron & Son, from his monthly salary, the sum of $10 on the 1st and 15th of each month. After all delays, there was judgment against the city, as garnishee, for the amount due by Berry to Aaron & Son, payable monthly at the rate of $20. Recognizing the then existing validity of the judgment against it, the city made three payments, a total of $33, to Aaron & Son for Berry's account, and, having discharged him on June 15, 1934, declined to make any further payments for the reason that no amount was due him on salary account. The court and attorneys on both sides well knew that whatever amount Aaron & Son was due to receive under the judgment against the city would have to be paid from the salary due Berry, as it accrued. The fact that the judgment directed payments to be made at the rate of $20 per month discloses the court's knowledge of the true facts of the situation and that Berry's letter to the court was followed in framing the judgment.

This suit was brought by the city to have the judgment against it set aside on several grounds. These include an attack on the form of citation served on the city as garnishee; that no preliminary judgment by default was entered against it prior to rendition of judgment; that the mayor of the city understood from counsel of Aaron & Son that no action would be taken in the case without prior notice to him; and that the order of court did not specifically direct the garnishee to answer the interrogatories propounded to and served on it within ten days.

In view of the fact that the city has acquiesced in the regularity of the proceedings precedent to rendition of the judgment against it and has recognized the binding force of the judgment itself by making payments thereunder, the above-mentioned grounds of attack are not tenable now.

The city also seeks to have the original case against it as garnishee reopened and the judgment rendered therein modified "because said judgment did not operate as a judgment against the City of Natchitoches, other than to order the City to pay Julius Aaron & Son the sum of $20.00 per month out of Johnnie Berry's salary." The prayer of the petition is as follows: "Wherefore, petitioner prays that Julius Aaron & Son be ordered to show cause on a day and date to be determined by this Honorable Court why this case should not be reopened and why the judgment rendered herein on May 5, 1934, should not be set aside, for the reasons alleged above in this petition; finally prays for all other orders and decrees necessary in the premises and for general and equitable relief; all cost of this rule, etc."

Act No. 181 of 1932 is relied upon as authority for the relief asked for. Aaron & Son stand squarely upon the judgment as written and assert its binding effect upon the city, regardless of the fact that Berry has ceased to be in its employ. The language of the judgment follows section 2 of the act.

The court rejected the city's suit. This appeal is prosecuted by it.

Act No. 181 of 1932 provides the procedure by which the nonexempt portion of wages, salaries, etc., of employees may be seized and garnisheed. Taking into consideration the indefiniteness and uncertainty of the tenure of employment generally, this act specifically and wisely provides that the court rendering judgment in such case shall retain jurisdiction thereof to the extent that, upon proper showing, the case may be reopened and the judg-

ment amended or set aside entirely, as the facts may warrant; and this remedy is available to the garnishee, even though he fails to answer. Section 3 of the act, in part, reads: "But the court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion, and should judgment by default be taken against any party garnishee, such party garnishee may obtain a reopening of the case upon proper showing and within the discretion of the court."

The fact that the judgment against the garnishee does not provide that payments thereunder shall only be mandatory for the term of the debtor's employment does not affect the right of the garnishee under the act to seek and secure relief from paying money to the creditor when none is due the debtor.

The purpose and intent of the act are quite clearly reflected from its provisions. It was designed to give to a creditor the right to seize and have paid to him a fair portion of the wage or salary accruing to his debtor so long as such debtor is employed. In such a case, the act does not attempt to go further. When the employment ceases, the judgment ordering the garnishee to pay over a part of the employee's salary to his judgment creditor also ceases to have effect. If the law were otherwise, garnishees could be, and would often be, mulcted for the benefit of persons to whom they are due nothing.

The lower court should have reopened the case and granted the relief prayed for. We are in a position to finally dispose of the case, as the entire record, including the testimony taken on trial of the merits, is before us.

For the reasons assigned, the judgment appealed from is annulled, reversed, and set aside; and there is now judgment in favor of the city of Natchitoches and against Julius Aaron & Son reopening case No. 21197 on the civil docket of the Tenth judicial district court of the parish of Natchitoches, styled Julius Aaron & Son v. Johnnie Berry, city of Natchitoches, Garnishee, and, for the reasons herein assigned, the judgment against said city, as garnishee, is hereby set aside and declared of no further effect. It is further decreed that Julius Aaron & Son pay all costs of this suit.