AMERICAN EMPLOYERS INSURANCE COMPANY et al.

v.

SYBIL REALTY, INC., et al.

SYBIL REALTY, INC., et al.

v.

AMERICAN EMPLOYERS INSURANCE COMPANY et al.

Civ. A. Nos. 9427, 9582.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 30, 1967.

Edward F. Wegmann, New Orleans, La., for Roy Gottlieb, Liquidator of King Brothers Construction Co., Inc.

David L. Hermann, Frank J. Peragine, and William W. Messersmith, III, New Orleans, La., for Underwriters.

CHRISTENBERRY, Chief Judge.

On September 20, 1963, a judgment was rendered in this Court in favor of American Employers Insurance Company, et al and against Richard A. King, et al in the sum of $170,000.00 plus interest and costs.

On January 9, 1964 American Employers Insurance Company, et al, (hereafter referred to as Underwriters) as judgment creditors of Richard A. King obtained a writ of execution against Richard A. King and pursuant to this writ of execution King Brothers Construction Company, Inc. was made garnishee. In answer to interrogatories propounded by the garnisher, the garnishee denied that Richard A. King was employed by it or that it had any property or funds in its possession belonging to Richard A. King.

On February 7, 1964, Underwriters filed a motion to traverse the answers to the interrogatories given by the garnishee King Brothers Construction Company, Inc.

As a result of the evidence adduced at the hearing on this motion to traverse, a judgment was rendered in favor of Underwriters and against King Brothers Construction Company, Inc. as garnishee. This judgment was entered September 30, 1964. The Court, at that time found that Richard A. King was in the employ of King Brothers Construction Company, Inc. and ordered that corporation as garnishee to pay to the garnishers, the judgment creditors of Richard A. King, twenty per cent of $1,987.00 monthly, which was twenty per cent of Richard A. King's average monthly compensation. This amount was to be applied in satisfaction of the judgment rendered on September 20, 1963. The payments ordered were made retroactive to the date of service of the interrogatories on the garnishee, and were to continue until the judgment rendered on September 20, 1963 was satisfied or until further order of the Court.

On October 23, 1964, on joint motion of all counsel, the garnishee, King Brothers Construction Company, Inc. deposited $10,000.00 in the registry of the Court and obtained the release of other assets which had been seized by Underwriters.

On December 31, 1964 a motion of the garnishee for a new trial and for a stay order was denied.

On January 15, 1965 Underwriters were allowed to withdraw $7,886.40, upon a showing that this amount had accrued under the terms of the court's judgment of September 30, 1964.[1]

On April 19, 1966 the United States Court of Appeals, Fifth Circuit, affirmed

---

1. This accrued amount, $7,886.40 included payments which had accrued with regard to the Sirloin Room, Inc. which was also made a garnishee in the September 30, 1964 judgment but who are not before the court in the instant motion.

this Court's judgment of September 30, 1964.

On September 2, 1966 this Court upon the ex parte motion of Underwriters rendered a supplemental judgment against King Brothers Construction Company, Inc. as garnishees in the amount of $7,812.38 which was the accrued amount under the terms of the September 30, 1964 judgment for the period January 11, 1965 through August 31, 1966. In conjunction with this supplemental judgment Underwriters were allowed to withdraw $1,980.30 from the registry of the Court which was the balance remaining out of the original $10,000.00 deposited in the registry of the Court by King Brothers Construction Company, Inc. after payment of certain Marshal's fees.

Now before the Court is a motion by Roy Gottlieb, the liquidator of King Brothers Construction Company, Inc. to cancel and set aside the judgment of September 30, 1964 against King Brothers Construction Company, Inc. as garnishee, to cancel, annul and set aside the supplemental judgment and order rendered on September 2, 1966 in favor of Underwriters and for an order staying execution of, or any proceedings to enforce the judgment of September 2, 1966 until the instant motion has been decided.

The stay order requested was made by this Court on November 28, 1966.

A hearing was held on December 7, 1966 at which both the liquidator and a certified public accountant under whose direction an audit of King Brothers Construction Company, Inc. was made, testified.

It is undisputed and, the testimony and documentary evidence produced at the hearing on this motion confirms, that King Brothers Construction Company, Inc. is in fact in liquidation and that Roy Gottlieb is the duly appointed liquidator.

Mr. Gottlieb testified unequivocally that Richard A. King, the judgment debtor herein has no interest whatsoever in King Brothers Construction Company, Inc. and has had no interest or received any compensation from King Brothers Construction Company, Inc. since at least July 12, 1965, the date Roy Gottlieb was appointed as liquidator.

The movers also point out that the audit reports indicate that Richard A. King last drew a salary as an officer of the King Brothers Construction Company, Inc. in August of 1963 and that the last disbursement from Richard A. King's drawing account with King Brothers Construction Company, Inc. was in January of 1964.

Because of this evidence the mover argues that King Brothers Construction Company, Inc.'s liability as garnishee ceased as of the date that the employment of Richard A. King by the garnishee had terminated.

Underwriters argue first that the evidence adduced at the hearing of this motion, which was introduced subject to objection was inadmissible since it sought to explain and establish matters which occurred prior to the filing of the instant motion.

Their argument in this regard is two fold. They first contend that Louisiana Revised Statutes, Title 13, § 3923 provides only for an order affecting the continuance of a judgment against a garnishee but makes no provisions for retroactive effect of any relief from a prior judgment sought by a garnishee because of a change in the relationship between the garnishee and the judgment debtor. Section 3923 reads as follows:

"It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served on the garnishee in such cases, but the court shall render judgment providing for the monthly, semi-monthly, weekly or daily payments to be made to the seizing creditor, according to the manner best suited to the circumstances, until the indebtedness is paid. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend

or set aside its judgment at any time in its discretion. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court."

The movers argue that because of the language "affecting the proper continuance of such judgment," the relief ordered can only be prospective.

■■■■ This Court feels however that in view of the remaining language of the statute "and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion" and in view of the well established principles of law in Louisiana that a creditor acquires no greater right against a garnishee than his judgment debtor would have had if he had sought recovery directly, that the statute does provide for retroactive relief in certain circumstances. Walker v. Townsend, 127 So.2d 224, 227, La.Ct.App. 3rd Cir., 1961, and cases cited. The language in Aaron and Son v. Berry, La.App., 165 So. 496, 498 is also appropriate. In that case the court in discussing Act No. 181 of 1932 which is the source of Louisiana Revised Statute, Title 13, Section 3923 said:

"The purpose and intent of the act are quite clearly reflected from its provisions. It was designed to give to a creditor the right to seize and have paid to him a fair portion of the wage or salary accruing to his debtor so long as such debtor is employed. In such a case, the act does not attempt to go further. When the employment ceases, the judgment ordering the garnishee to pay over a part of the employee's salary to his judgment creditor also ceases to have effect. If the law were otherwise, garnishees could be, and would often be, mulcted for the benefit of persons to whom they are due nothing."

In support of their contention underwriters cite and attempt to analogize cases involving alimony judgments in which the courts have held that accumulated alimony is a vested property right until the judgment is altered or amended by subsequent judgment or terminated by operation of law. Elchinger v. Elchinger, 181 So.2d 297, 301 (La.Ct.App. 4th Cir., 1965). These cases however, are clearly distinguishable in that in an alimony proceeding the judgment debtor is in addition the principal debtor whereas in a garnishment proceeding the judgment debtor is not the principal debtor but rather the garnishee becomes merely a stakeholder for the judgment creditor and only as long as the requisite relationship between the principal debtor and the garnishee remains.

Underwriters' second contention is that the judgment of September 2, 1966 cannot be set aside because F.R.Civ.P. 60(b) which deals with relief from judgments or orders only contemplates in circumstances such as these that the relief should have prospective application.

Underwriters stress Section 5 of F.R. Civ.P. 60(b) which says:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) [T]he judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

Section 6 however of the same rule provides:

"[or] any other reason justifying relief from the operation of the judgment."

■■■■ In the case of In re Casco Chemical Company, 335 F.2d 645 (5th Ct. App. 1964) Judge Brown, discussing Rule 60(b) said:

"Of course a Rule 60(b) proceeding by motion or independent action calls for a delicate adjustment between the desirability of finality and the prevention of injustice."

Also consider footnote #18 of that case:

"In the process of this exploration it should be kept in mind that Rule 60(b)

is to be given liberal construction. United States v. Gould, 5th Cir., 1962, 301 F.2d 353. Michigan Surety Company v. Service Machinery Corp., 277 F.2d 531 (5th Cir., 1960); Serio v. Badger Mut. Ins. Co., 266 F.2d 418 (5th Cir., 1959) cert. denied, 361 U.S. 382, 80 S.Ct. 81, 4 L.Ed.2d 73; 3 Barron & Holtzoff § 1332(n) 9 (Wright Supp. 1963)."

Thus this Court may grant relief to King Brothers Construction Company, Inc. from the September 2, 1966 judgment and the question now is whether they are entitled to relief and if so to what extent.

■ While the question of the power of this Court to grant the motion is one of law, the grant or denial of the motion is addressed to the sound discretion of the Court guided by accepted legal principles applied in light of all the circumstances. Moore Fed. Practice, Sec. 60.27(1).

I do not find that the mover has established that Richard A. King was not in the employ of King Brothers Construction Company, Inc. prior to July 12, 1965. The auditor's report submitted and the auditor's testimony based on his report are not in themselves determinative of that fact.

■ I do however find that Richard A. King has not been employed by King Brothers Construction Company, Inc. since July 12, 1965, the date Roy Gottlieb was duly appointed as liquidator. Thus the requisite garnishee-principal debtor relationship having terminated on July 12, 1965, the liability of King Brothers Construction Company in Liquidation as garnishee was likewise interrupted on that date. Julius Aaron and Son v. Berry, supra.

Therefore, the supplemental judgment of September 2, 1966 in favor of American Employers Insurance Company et al and against King Brothers Construction Company, Inc. in the amount of $7,812.88 with interest at the rate of 5% will be modified and amended by reducing the amount of said judgment to the sum of $2,396.32, with interest at the rate of 5% from September 2, 1966 until paid.

All other provisions of the September 2, 1966 supplemental judgment and order are to remain in full force and effect.

Judgment will be entered accordingly.

