BARNETTE, Judge.
This is an appeal by the garnishee from a judgment maintaining an exception of no cause of action directed against its motion for rule to set aside a judgment against it on a motion for judgment pro-confesso, and to recall and dissolve the writ of fieri facias issued pursuant thereto.
The plaintiff, Quick Finance Service, Inc., brought" suit on a promissory note against the defendant, Johnny L. Young-blood, and took judgment by default against him on April 15, 1969, for the sum of $1,-968.55, plus interest at 8 percent from March 3, 1969, together with 25 percent of the principal and interest as attorney’s fees. A writ of fieri facias was issued and the plaintiff judgment creditor made Marine Specialty and Mill Supply Company, Inc., garnishee. Interrogatories were served on the garnishee April 28, 1969. The garnishee did not answer. On June 2, 1969, plaintiff filed a motion for judgment pro-confesso and a hearing on same was set for June 13. Service of the motion and order for hearing thereon was made on the garnishee on June 6, 1969. As the garnishee had neither answered nor appeared through counsel or in person on the day set for hearing the rule, the hearing was continued. The plaintiff then on July 16, 1969, filed another rule for judgment pro-con-fesso against the garnishee and the same was set for hearing on rule July 25, 1969. Service was made on July 21. On July 25, the garnishee still had neither answered nor appeared, and the court entered judgment in favor of the plaintiff against the garnishee in the full amount of its judgment against the defendant Youngblood, under the authority of LSA-C.C.P. art. 2413.
On August 29, 1969, the garnishee, Marine Specialty and Mill Supply Company, Inc., filed a petition for rule to show cause why the July 25 judgment pro-con-fesso against it should not be annulled and set aside and the writ of fieri facias issued pursuant thereto recalled and dissolved. To this rule the plaintiff, Quick Finance, coun *323 tered with an exception of no cause of action. The exception was maintained and the garnishee’s rule was dismissed at its cost. It is from this judgment that the present appeal was taken by the garnishee.
The writ of fieri facias which the garnishee seeks to have recalled and dissolved was executed and the judgment satisfied. The garnishee’s petition or “motion” for rule to show cause, filed 'August 29, discloses that the writ of fieri facias was served on August 27 and the garnishee’s business seized and placed in charge of a “keeper,” whereupon the garnishee deposited with the Civil Sheriff for the Parish of Orleans the sum of $2,765.85 in satisfaction of the writ. The motion for rule prayed that the sheriff be enjoined from further attempting to execute the judgment. The order signed by the trial judge fixing the rule for hearing also contained an order prohibiting the sheriff from disbursing the funds deposited pending further orders of the court. Later, on the same date (August 29), another order was signed by the trial court judge rescinding and declaring null and void the order prohibiting the sheriff from disbursing the funds. Thereupon the funds were paid over to the judgment creditor (Quick Finance). This was conceded by appellant’s counsel in his argument before this court.
Clearly, the question of recall and dissolution of the writ of fieri facias is now moot.
The so-called “motion” for rule to show cause why the judgment pro-confesso against the garnishee should not be annulled and vacated seeks to explain the reason why the garnishee did not answer the interrogatories or the motions for judgment pro-con-fesso or otherwise judicially respond to the garnishment proceedings. Certain off-the-record communication is alleged to have taken place between the garnishee’s counsel (who also represents the judgment debtor, Youngblood) and a representative of Quick Finance relative to Youngblood’s intention to file a petition in bankruptcy, which petition was filed on July 24, 1969, the day preceding the judgment pro-confesso against the garnishee.
Except for a form notice of Youngblood’s adjudication of bankruptcy, July 24, 1969, filed August 5 in the record of this case, there is no evidence whatever relevant to the allegations of the “motion” for rule to show cause.
We repeat for clarity of the issue that this appeal is from the judgment maintaining the garnishee’s exception of no cause of action and dismissing the petition (or “motion”) for rule to annul and vacate the judgment pro-confesso. There was no appeal from the judgment itself, and the merits of the petition for rule are not now before us. There are no allegations of procedural irregularity which would come within the provisions of LSA-C.C.P. art. 2002, and there is no error in the judgment pro-confesso against the garnishee patent upon the record before us. Therefore, there is no basis for application of LSA-C.C.P. art. 2003, and we need not consider if the payment by the garnishee to the sheriff was a voluntary acquiescence in the judgment.
The garnishee’s allegations do not specifically charge fraud or ill practice, but at most imply some breach of business or professional confidence. Any action for nullity on these grounds, if any such cause can be shown, cannot be asserted by summary process, LSA-C.C.P. art. 2592, but must be by direct action through ordinary process. See comment (d) under LSA-C.C. P. art. 2004.
We have not failed to consider appellant’s reliance upon LSA-R.S. 13:3923, which provides as follows:
“It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served on the garnishee in such cases, but the court shall render judgment providing for the *324 monthly, semi-monthly, weekly or daily payments to be made to the seizing creditor, according to the manner best suited to the circumstances, until the indebtedness is paid. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.” (Emphasis added.)
The appellant relies specifically on the above-emphasized portion of the section, but the intent of the section can best be determined by the whole context. The section relates to “Garnishment of Wages, Salaries and Commissions” and was wisely enacted in contemplation of the indefiniteness and uncertainty of the continued employment of an employee debtor at a constant wage or fixed payment schedule and provides a remedy for relief as these conditions may change. Julius Aaron & Son v. Berry, 165 So. 496 (La.App. 2d Cir. 1936) ,[1] It contemplates a continuing judgment against a garnishee during the period of employment. This is manifest from the provision that it will not be necessary to issue more than one writ and for continuing periodic payments. The provision for amendment or setting aside the judgment can only relate to such continuing judgments and does not provide a remedy for the situation in which the appellant garnishee finds itself in this case. The consequence of this conclusion is a harsh one but we must, nevertheless, apply the law with consistency.
The judgment maintaining the exception of no cause of action and dismissing the garnishee’s motion for rule to annul the judgment pro-confesso against it is correct.
For these reasons the judgment is affirmed at appellant’s cost.
Affirmed.

. The opinion in this case is based on Act 181 of 1932 which is the source authority of LSA-R.S. 13:3923.