**NORTH PACIFIC STEAMSHIP COM-
PANY, Plaintiff-Appellant,**

v.

**PYRAMID BULKCARRIERS, INC.,
etc., Defendant-Appellee.**

No. 74–3293.

United States Court of Appeals,
Fifth Circuit.

June 30, 1975.

Rehearing Denied July 28, 1975.

Donald L. King, Edward J. Koehl, Jr.,
New Orleans, La., for plaintiff-appellant.

Charles Kohlmeyer, Jr., Earl S. Eichin,
Jr., New Orleans, La., for defendant-ap-
pellee.

Before CLARK, Associate Justice,[*]
and GOLDBERG and AINSWORTH,
Circuit Judges.

PER CURIAM:

On June 10, 1971, North Pacific
Steamship Company (North Pacific)
brought suit against the original defend-
ant herein, Pyramid Bulkcarriers, Inc.
(Pyramid), to recover the unpaid charter
hire due from Pyramid on two of North
Pacific's ships. North Pacific won a
final judgment for $842,350.67 together
with legal interest and court costs
against Pyramid on May 18, 1973. A
credit of $113,260.00 was entered on the
judgment from the proceeds of a bond
originally issued for the release of cer-
tain sub-freights of Pyramid that were
seized at the outset of the proceeding,
and another credit of $4,280.82 was real-
ized from a garnishment against Pyra-
mid. However, additional procedures to
effect payment were futile.

On February 21, 1974, North Pacific
filed a verified motion in district court
against various parties—four corpora-
tions not named theretofore, Pyramid
Ventures, Group, Inc.; Pyramid Bulk-
handling, Inc.; Creole Lines, Ltd.; and
Hellenic, Inc.; as well as two individuals,
Donald C. Scafidi and Peter V. Guaris-
co—seeking an order to show cause why
they should not be included as judgment
debtors in the earlier judgment and be
held liable "jointly, severally and in soli-
do" with Pyramid. The motion alleged
the following:

> Based on the facts revealed by the
> testimony of Donald C. Scafidi, taken
> pursuant to the judgment debtor rule
> procedure, it is clear that Pyramid

[*] Of the Supreme Court of the United States (Retired), sitting by designation.

Bulkcarriers, Inc. existed as a phantom corporation and was merely an instrumentality of Pyramid Ventures Group, Inc. and Donald C. Scafidi and Peter V. Guarisco. It is furthermore demonstrated that Pyramid Bulkcarriers, Inc. did not maintain the separate identity of a corporate entity due to the manner of its operation and control by Pyramid Ventures Group, Inc. and that an inequitable result would follow—plaintiff would be unable to recover the judgment awarded him by the Court—unless Pyramid Ventures Group, Inc., its related corporations, Donald Scafidi and Peter Guarisco are made additional judgment debtors herein.

■ In regular course, an Order to Show Cause was issued by the district court and served. The appellees timely moved to set it aside on the grounds that the proceeding was not provided for under any known rule of law or found in any statute or in the Federal Rules of Civil Procedure. After hearing and argument, the district court recalled the Show Cause Order and set it aside. This appeal followed.[1]

■ North Pacific relies on several admiralty cases in which an "alter ego" or "piercing the corporate veil" theory was employed to disregard a corporate fiction and hold the true principal liable. *See, e. g.,* Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 689 n. 4, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); Ariate Compania Naviera, S.A. v. Commonwealth Tankship Owners, Ltd., 310 F.Supp. 416, 419 (S.D.N.Y.1970). North Pacific argues that a federal court sitting in admiralty has "jurisdiction" to grant the relief sought in this case not only in the exercise of its equitable powers, but also pursuant to Fed.R.Civ.P. 60(b) (granting relief from the operation of a judgment) and Fed.R.Civ.P. 69(a) (procedures in aid of judgment or execution). *Cf.* Sirloin Room, Inc. v. American Employers Insurance Co., 360 F.2d 160 (5th Cir. 1966) as modified, 270

F.Supp. 566 (E.D.La.1967) (garnishment proceeding).

None of the cases on which appellant relies have applied the alter ego doctrine through the mechanism of a show cause order, and we find no decision, rule, or statute which would authorize a plaintiff to shift the burden of proof to third parties not even named in the original suit. We hold that the district court properly set aside the Show Order Cause as improper procedure. In so holding we express no opinion on the merits of appellant's substantive claims. As the appellees themselves concede:

> Under proper circumstances and procedures, it might be that North Pacific could plead and prove one or more of the defendants to be the alter ego of Pyramid Bulkcarriers, Inc. (or vice versa), or it might be shown that the judgment debtor's corporate veil should be pierced.

The judgment is, therefore, affirmed.

---

1. While the District Court's minute entry is denominated an order and as such would not

be appealable, we construe it as a final judgment for all purposes here.