411 So.2d 1102 (1982)
BENEFICIAL FINANCE COMPANY OF LOUISIANA
v.
George E. HAVILAND & Mary Haviland.
No. 12201.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
Rehearing Denied April 16, 1982.
*1103 James R. E. Lamz of Thorne & Slone, Slidell, for Beneficial Finance Co. of Louisiana plaintiff-appellant.
Joseph N. Mole of Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for Digital Equipment Corp. defendant-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
BOUTALL, Judge.
This is an appeal from a denial of judgment against a garnishee for the amount of the debtor's unpaid judgment, but assessing attorney's fees against the garnishee for failure to timely answer interrogatories. The plaintiff has appealed the denial of judgment, and the garnishee has answered the appeal contesting the assessment of attorney's fees.
The basic issue between the parties is the validity of the trial court's action in denying the garnishor's judgment against the garnishee in proceedings held after a prior judgment of default against the garnishee had been reopened under the authority of R.S. 13:3923. The procedural sequence is as follows.
Beneficial Finance Company of Louisiana obtained a judgment against George E. Haviland and Mary Haviland on September 18, 1979, in the Twenty-Second Judicial District Court of St. Tammany Parish. On November 27, 1979, Beneficial filed a petition in the Twenty Fourth Judicial District Court for the Parish of Jefferson against Digital Equipment Corporation alleging that George Haviland was presently employed by Digital, seeking the issuance of a writ of fieri facias and garnishment of the wages of Haviland to satisfy its judgment. Digital, a Massachusetts corporation, was served through its agent for service of process, C. T. Corporation System, and in answer to the garnishment and interrogatories simply sent a letter to the Sheriff of Jefferson Parish informing him that Haviland was not an employee of theirs since November 3, 1979, several weeks before the garnishment was filed. Not having received answer, Beneficial then filed a rule against Digital to show cause why judgment should not be rendered against it for the full sum of the judgment plus interest, costs, etc., as well as for costs of the present proceedings and reasonable attorney's fees for having to bring the rule. Digital did not answer or appear for that rule and a judgment was rendered on the 15th day of February, 1980, by default, against Digital in the sum of $4,475.74 with interest and costs as well as attorney's fees in the amount of $250.00 for the prosecution of the motion.
After several months, Digital became aware of the judgment and on June 3, 1980, filed a motion to reopen the case pursuant to R.S. 13:3923 outlining its reasons for the request. It attached to that motion a memorandum as well as a sworn affidavit of facts and exhibits in the case. After considering these, the court issued an order staying the execution of the judgment against the garnishee, Digital, pending termination of the garnishee's motion to reopen. A contradictory hearing was held on the motion to reopen on July 10, at which *1104 time garnishee filed answers to the garnishment interrogatories, and the judge rendered judgment in favor of Digital making its rule absolute and granting a new hearing on Beneficial's rule for judgment against the garnishee. On July 23, Beneficial moved to set for trial the rule for judgment against the garnishee for the amount of the unpaid judgment, asking for an increase in attorney's fees. This rule was subsequently heard before a different judge, the court being on summer schedule, and judgment was rendered in favor of Digital, denying Beneficial's rule for judgment against the garnishee for the amount of the unpaid judgment but condemning Digital to pay attorney's fees in the amount of $750.00 together with legal interest and all costs. Beneficial thereupon took a devolutive appeal to this court from that judgment of September 10, 1980, and Digital has answered the appeal.
On this appeal, Beneficial first complained that insufficient evidence was presented on the rule to justify the trial judge's refusal to grant it a judgment against the garnishee, but the record on appeal contains no transcript of evidence from which we can ascertain with preciseness what the trial judge considered. Under such circumstances, we must consider the judgment to be correct unless it can be clearly shown that the trial judge was in error. We conclude that he was not. One of the basic reasons for that conclusion is that there is no serious dispute to the fact that George Haviland was last employed by Digital Equipment Corporation on November 3, 1979, several weeks before the garnishee proceeding was filed against Digital, and accordingly there was no factual liability for judgment to be rendered against Digital on Beneficial's petition for wage garnishment. Procedurally, however, the situation is much more complicated.
We have outlined in detail the procedural steps above, because this case presents to the court for answer the question of whether a petitioner who files a wage garnishment, and subsequently obtains a default judgment pursuant to Code of Civil Procedure Article 2413 against the garnishee for the amount of the creditor's unpaid judgment based on failure of the garnishee to file its sworn answers to garnishment interrogatories, may be subject to having that judgment set aside and the case reopened pursuant to L.R.S. 13:3923. Under the facts of this case, we conclude that the garnishee may obtain a reopening of the case and have the judgment set aside.[1]
*1105 As may be seen from a reading of the two statutory quotations, Section 3923 clearly permits a reopening of the case when judgment by default is taken against the garnishee. The issue is thus narrowed to the question of whether the judgment by default referred to is only a continuing judgment which fixes the amount to be withheld and paid by the employer or does it apply to a judgment of default for the full amount of the indebtedness under C.C.P. Article 2413. We recognize that there is a difference existing under the general garnishment proceedings set out in the Civil Code as compared to the wage garnishment provisions set out in Revised Statute Title 13. However, taken together, these two bodies of garnishment law constitute the general garnishment procedures, together with the special provisions applicable to wage garnishment because of the special problems inherent therein. This is especially true in the situation where, as here, the garnishee does not answer the interrogatories timely. The wage garnishment provisions of Title 13 do not provide for penalties such as contained in the Civil Procedure Articles. Thus, if it is contended that these two procedures are completely independent of each other, the judgment creditor in this case has no right to utilize the provisions of C.C.P. Article 2413 because the petition that he brought is solely and exclusively a wage garnishment. To be consistent on this issue, one must conclude that the two sets of law must be considered as supportive of each other and applied in each applicable situation. Otherwise, we are presented with a situation where it is contended that the wage garnishment proceedings can be ignored by obtaining a judgment under other statutory provisions not contained therein, yet the garnishee not be able to seek relief under the very statutory provisions which are used to seek his liability in the first instance. To put it in simple language, one must be either fish or fowl. If the two bodies of law are mutually exclusive, the judgment creditor had no authority to utilize C.C.P. Article 2413. If the two bodies of law are read together, then the defaulted wage garnishee has a right to reopen under R.S. 13:3923.
We have been referred to our previous decision in the case of Quick Finance Service, Inc., v. Youngblood, 243 So.2d 321 (La. App. 4th Cir. 1971). We note primarily that that case did not turn upon the point of wage garnishments but was a case involving an ordinary garnishment and not a wage garnishment under Title 13. Additionally, the procedural device upon which that case turned was a motion for nullity of judgment which came about after payment of the garnishment judgment. We quite agree that under the facts of that case, R.S. 13:3923 does not apply. Both the facts and the procedure are different in that case and this case, and we accordingly distinguish the holding in that case from these facts and procedures. We do not consider that the dicta in that case arising from its interpretation of the case of Julius Aaron and Son v. Berry, 165 So. 496 (La.App. 2d Cir. 1936), to be controlling nor to be a correct analysis of the holding in the Aaron case.
We have been referred to several other cases in our jurisprudence which touch upon some facet of the situation presented here. None, however, have our precise procedural situation nor facts. Suffice it to say that the trial judge in this case did reopen the matter and after another hearing at which he apparently considered the merits of the garnishment judgment, he denied the creditor's petition for judgment. We conclude that he had the legal authority to reopen the case under R.S. 13:3923, and under the state of this record we cannot say that he abused the discretion granted him under that section.
The final issue herein is the penalty of attorney's fees complained of by appellee in its answer to the appeal. C.C.P. Article 2413 permits the imposition of attorney's fees as a penalty for failure to answer the interrogatories. Thus, in the default judgment, the court concluded that $250.00 was a reasonable amount to impose. There were two other hearings on this matter, one *1106 the motion to reopen and the final one, the merits of the garnishment, as well as several other motions and pleadings. The last trial judge simply felt that he should continue the award of $250.00 for each appearance, and there is nothing in the record to show that the amount is excessive. As a matter of law, we have indicated in our discussion above that because of the necessary concordance of the garnishment procedures under both Title 13 of the Revised Statutes and the garnishment articles of the Code of Civil Procedure, that resort may be had by the wage garnishor to the penal provisions of C.C.P. Article 2413 and indeed a number of cases in our jurisprudence have recognized its availability. For the reasons expressed above, the judgment appealed is affirmed, however, the costs of this appeal shall be assessed against Beneficial Finance Company of Louisiana.
AFFIRMED.
KLIEBERT, Judge, dissenting.
The majority opinion takes the position the trial judge merely reopened a wage garnishment proceeding and after considering the merits of the garnishment denied the creditor's petition for judgment. This position ignores the fact that Digital had been properly served with a garnishment petition, interrogatories and a court order making it a garnishee and ordering it to respond to the interrogatories. When Digital failed to respond to this order, it was then served with a rule to show cause why a judgment in the amount of the original debtor's indebtedness should not be rendered against it for its failure to respond. Again Digital failed to respond. As a result, pursuant to the provisions of Article 2413 of the Code of Civil Procedure, judgment in the full amount of the debtor's original indebtedness was rendered against Digital. After the time for applying for a rehearing and a suspensive appeal had expired, the trial judge, citing as his authority the last sentence of R.S. 13:3923, reopened the wage garnishment proceeding and set aside the final judgment previously rendered against Digital.
Thus, the issue presented by this appeal is not whether a judgment garnishing accrued and future wages of an employee from his employer can be reconsidered by the trial court rendering same as circumstances change, but rather, whether the trial judge can set aside a judgment rendered in favor of the creditor pursuant to Article 2413 of the Code of Civil Procedure once the judgment becomes final.
In concluding the final judgment can be set aside, the majority opinion concluded that the provisions of R.S. 13:3921 through R.S. 13:3928 are supportive of and have to be read with the provisions of Articles 2411 thru 2417 of the Code of Civil Procedure. I concur in that conclusion, but point out that R.S. 13:3921 thru 3927 were enacted to permit garnishment of as yet unearned wages and hence created the necessity of continued retention of jurisdiction by the trial court of a judgment garnishing future wages because of the ever present realization that although garnished, the wages may never in fact be earned. Under CCP Article 2413, however, the judgment against Digital which had become final is not based on the accrued wages or future wages of its employee, but rather, on the provision "... If the garnishee fails to answer within the delays provided by Article 2413 the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and cost..." The continued retention of jurisdiction provided by R.S. 13:3923 for a judgment garnishing future wages is not applicable because Digital was not cast in judgment for the accrued or future wages of its employee, but rather for the amount of the indebtedness owed by its former employee because it failed to respond to the court ordered garnishment proceeding.
The issue presented to the court here was previously presented to this court in Quick Finance Service, Inc. v. Youngblood, 243 So.2d 321 (4th Cir. 1971), writ denied 258 La. 213, 245 So.2d 411. The majority seeks to distinguish the Quick case on two grounds(1) Quick did not involve a wage *1107 garnishment proceeding and (2) the procedural device at issue in Quick was a motion for nullity of judgment.
The issue here and in Quick, supra, is whether a judgment rendered pursuant to CCP Article 2413 is final. The garnishee defendant citing R.S. 13:3923 maintained the garnishment proceeding should be reopened so he could present the defense he had to the judgment. Although the judgment here had become final as it had in Quick, supra, the trial judge reopened the garnishment proceeding to permit the garnishee to produce his defense; i.e., the employee was no longer employed by Digital. Judge Samuel, as the organ of this court, citing Julius Aaron & Son v. Berry, 165 So. 496 (2nd Cir. 1936), refused to order a reopening of the garnishment proceeding based on R.S. 13:3923 for the reasons stated at pages 323 and 324 as follows:
"We have not failed to consider appellant's reliance upon LSA-R.S. 13:3923, which provides as follows:
"It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served on the garnishee in such cases, but the court shall render judgment providing for the monthly, semi-monthly, weekly or daily payments to be made to the seizing creditor, according to the manner best suited to the circumstances, until the indebtedness is paid. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court." (Emphasis added.)
The appellant relies specifically on the above-emphasized portion of the section, but the intent of the section can best be determined by the whole context. The section relates to "Garnishment of Wages, Salaries and Commissions" and was wisely enacted in contemplation of the indefiniteness and uncertainty of the continued employment of an employee debtor at a constant wage or fixed payment schedule and provides a remedy for relief as these conditions may change. Julius Aaron & Son v. Berry, 165 So. 496 (La.App.2d Cir. 1936).1 It contemplates a continuing judgment against a garnishee during the period of employment. This is manifest from the provision that it will not be necessary to issue more than one writ and for continuing periodic payments. The provision for amendment or setting aside the judgment can only relate to such continuing judgments and does not provide a remedy for the situation in which the appellant garnishee finds itself in this case.
The failure of Digital to respond resulted in harsh consequences, nevertheless, as was stated and done by Judge Samuel in the Quick case, the law must be applied with consistency.
See also, Mid-City Investment v. Batiste, 248 So.2d 88 (1st Cir. 1970). This case involved a wage garnishment proceeding. The garnishee there had timely filed a motion for a new trial. The original panel hearing the case affirmed the trial judge's ruling refusing to grant the new trial so that the employer-garnishee could show the employee no longer worked for him. On an en banc rehearing, the appellate court ordered the granting of the new trial. Although the last sentence in R.S. 13:3923 relied on here by the majority opinion was the same then as it is now, it was not discussed in the case, but Judge Sartain, in his dissent (on rehearing the dissent became the majority opinion) at page 92, said:
"My opinion would be different if the judgment pro-confesso had become final but in the instant matter it had not and at the time of the application for the new trial it appeared apparent that garnishee's defense was a valid one."
In my view, the majority opinion refuses to apply the clear requirement of the law in order to avoid the harshness of the result. *1108 Accordingly, I remind them of the adage "bad cases make bad law". The effect of the majority opinion would be to permit garnishees to ignore court ordered garnishments unless at the time the garnishment issues they are in fact indebted to, or hold the asset of, or have the original debtor in their employment. The very purpose of CCP Article 2413 is to force the garnishee to inform the creditor whether it holds assets of, is indebted to, or has the original debtor in its employment. Accordingly, I respectfully dissent from the majority opinion.
NOTES
[1] C.C.P. Article 2413. "If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs. Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415. Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney's fee for the motion."

L.S.A.-R.S. 13:3923. "It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in such cases, but the court shall render judgment for the monthly, semi-monthly, weekly or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The garnishor shall serve upon the garnishee the citation, the petition, the garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include, but not be limited to the principal, interest, court costs incurred to date, and attorney's fees due under the judgment. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the property continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eighty days after the termination. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court." (Emphasis added)