417 So.2d 1346 (1982)
COMMERCIAL SECURITIES COMPANY, INC., Plaintiff-Appellee,
v.
Guiseppe CORSARO, Sr., et al., Defendants,
Plantation Manor Restaurant, Inc., (Garnishee), Defendant-Appellant.
No. 8781.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
Rehearing Denied August 31, 1982.
*1348 Gold, Little, Simon, Weems & Bruser, Dee D. Drell, Alexandria, for garnishee-appellant.
Edward A. Kaplan, Alexandria, for plaintiff-appellee.
Before CULPEPPER, FORET, DOUCET, SWIFT and LABORDE, JJ.
DOUCET, Judge.
This is a garnishment suit wherein a default judgment was rendered pursuant to LSA-C.C.P. Art. 2415 against the principal debtor's employer, Plantation Manor Restaurant, Inc., and in favor of plaintiff Commercial Securities Company, Inc. The garnishee appeals. We reverse and remand.
The rather convoluted procedural history of this case begins in Pineville City Court where the plaintiff received judgment on December 19, 1979 against the debtors, Guiseppe Corsaro, Sr. and Rose Corsaro, in the sum of $1,331.55 together with interest at the rate of 27% per annum from November 30, 1979 until November 30, 1980, and thereafter at the rate of 8% per annum until paid, plus 25% additional on principal and interest as attorney's fees, together with costs of the proceedings. Thereafter the judgment was made executory in district court and plaintiff filed a garnishment petition with interrogatories on May 15, 1981. Plantation Manor, alleged employer of Rose Corsaro, was served on May 20, 1981, however the notation of personal service signed by the deputy failed to state what was served. Additional service was made on June 22, 1981 on the president of the restaurant, apparently as a matter of precaution by the judgment creditor. Requests for an answer met with no response. On July 7, 1981 appellee filed a Rule for Judgment against the garnishee for its failure to answer, which motion was fixed for hearing on July 20, 1981. No one appeared on appellant's behalf. Judgment was rendered against the garnishee, signed July 24, 1981, for the total amount of the aforementioned Pineville City Court judgment, and additional attorney's fees were awarded for the appellant's failure to answer.
Subsequently, Plantation Manor was summoned to appear for a judgment debtor examination on September 9, 1981, at which it appeared. On September 21, 1981, garnishee filed a Motion for Appeal, which was granted the following day. Also, on September 21, 1981, appellant filed a Motion for Annulment of Judgment and to Reopen Case pursuant to LSA-R.S. 13:3923. Said motion was denied on October 16, 1981. The trial judge assigned as reasons for the denial that R.S. 13:3923 was not applicable and that the court was without jurisdiction to hear any further evidence in the case as of the signing of the order of appeal.
On appeal Plantation Manor assigns as error the trial court's grant of a judgment pro confesso on a petition for garnishment of wages, the refusal to grant the motion to reopen, and the court's failure to order a hearing to determine the portion of wages, salaries, or commissions of Rose Corsaro which are exempt from seizure. Commercial Securities has answered the appeal seeking damages for frivolous appeal.
As aforementioned, the trial judge rejected appellant's "Motion for Annulment of Judgment and to Reopen Case" on the grounds that jurisdiction thereof was lost upon mover's theretofore filed Motion for Appeal already signed by the Court. However, he did so only after answering the issues presented herein adversely to appellant. LSA-R.S. 13:3923 provides that the trial court retains jurisdiction in a wage garnishment proceeding to reopen the case. Under this statute the court may grant retroactive relief from such a judgment. American Employers Ins. Co. v. Sybil Realty, *1349 Inc., 270 F.Supp. 566 (E.D.La.1967). Nonetheless the decree involved is a final judgment for procedural purposes of review despite being subject to substantive change upon reopening of the case. Thus, two remedies were available to the litigant herein which were inconsistent with each other. Pursuit of one implies negation of the other as jurisdiction must lie in one court or the other. We find that appellant's first act of election barred the subsequent motion under LSA-C.C.P. Art. 2088. Appellant's election of remedies (appeal) deprived the trial court of jurisdiction pending disposition of the appeal, therefore dismissal of the motion to reopen was proper and we proceed to address the issues presented.
Initially we promptly reject appellee's request for award of attorney's fees for frivolous appeal. Appellee cites no cases clearly dispotive of the issues presented. The matter is one of first impression with persuasive arguments advanced by each side. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay, or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Brasseaux v. Reaux, 394 So.2d 688 (La.App. 3rd Cir. 1981).
Preliminarily, we feel that an overview of the applicable law would aid analysis of the issues presented. We look first to the general garnishment provisions. Failure of the garnishee to file his answer within the delay provided by law results in plaintiff being entitled to seek a judgment pro confesso against the garnishee. LSA-C.C.P. Art. 2413. Such a judgment is an interlocutory decree which deems the garnishee's failure to answer to be a confession, or prima facie proof, that has sufficient assets in his hands to satisfy plaintiff's claim.[1] However, the judgment pro confesso is not self-executory and it is not until a contradictory motion is filed against the garnishee for the amount of the judgment that the stage is set for a default judgment against the garnishee.[2] LSA-C. C.P. Art. 2413, Security Ins. Co. of Hartford v. Holliday, 363 So.2d 246 (La.App. 4th Cir. 1978). Up until this time the court may permit the garnishee to file his answers in an attempt to rebut the judgment creditor's prima facie case.[3] Nevertheless, regardless of the decision on the contradictory motion, the garnishee will be liable for costs and reasonable attorney's fees incurred for the motion.[4] The successful judgment creditor in the trial of such a motion is entitled to relief as provided in LSA-C.C.P. Art. 2415,[5] which states that the court shall order the garnishee to deliver the property immediately to the Sheriff or pay him the indebtedness when it falls due. The last paragraph of said article states: "This article does not apply to the garnishment of wages, salaries, or commissions."
Specialized procedures exist for the garnishment of wages, salaries and commissions due to the tenous relationship often existent in employment and the provisions, state and federal, exempting a certain percentage of an employee's wages from seizure. LSA-R.S. 13:3921, et seq., was enacted to permit garnishment of yet unearned wages and hence created the necessity of continued jurisdiction by the trial court of a judgment garnishing future wages because of the ever present realization that, although garnished, the wages may never in fact be earned. The provisions provide that the court, after hearing all competent evidence, fix the exempt portion and render a judgment for periodic payments to the plaintiff out of the available non-exempt portion.[6] If a prior act affects the non-exempt portion of the employee's wages, a judgment is rendered but does not take effect until liquidation of the preceding demand.[7] *1350 LSA-R.S. 13:3923 provides that it shall not be necessary for the creditor to serve more than one writ of garnishment or one set of interrogatories on the garnishee, however, noticeably absent is any proviso setting forth the effect to be given the garnishee's failure to answer same. The article further provides that the court, in its discretion, may reopen the case upon motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court retains jurisdiction to amend or set aside its judgment at any time in its discretion; however all effects of seizure cease upon discharge of the employee unless he is thereafter reinstated within 180 days. Additionally, a specific provision is made for reopening a judgment pro confesso against the garnishee whereby the trial judge, in his discretion and upon proper showing, may reopen the case.
Common to both sets of garnishment provisions is the general principle that a creditor acquires no greater right against the garnishee than his judgment debtor would have had if he had sought relief directly. Walker v. Townsend, 127 So.2d 224 (La.App. 3rd Cir. 1961) and cases cited therein. This is so because the garnishee is merely a stakeholder for the judgment creditor and only for as long as the requisite relationship between principal debtor and garnishee remains.
In discussing Act No. 181 of 1932, which is the source of LSA-R.S. 13:3923, the court in Julius Aaron and Son v. Berry, 165 So. 496 (La.App. 2nd Cir. 1936) said:
"The purpose and intent of the act are quite clearly reflected from its provisions. It was designed to give to a creditor the right to seize and have paid to him a fair portion of the wage or salary accruing to his debtor so long as such debtor is employed. In such a case, the act does not attempt to go further. When the employment ceases, the judgment ordering the garnishee to pay over a part of the employee's salary to his judgment creditor also ceases to have effect. If the law were otherwise, garnishees could be, and would often be, mulcted for the benefit of persons to whom they are due nothing."
The court therein further held that the remedy of having the case reopened was available even though the garnishee failed to answer in prior proceedings. Although rendered in 1936, Julius Aaron and Son remains good law.
More recently the Fourth Circuit stated that the general garnishment proceedings contained in the Code of Civil Procedure, Articles 2411 et seq, and the wage garnishment provisions in the Revised Statutes, 13:3921 et seq, must be considered supportive of each other as otherwise the wage garnishment proceedings could be ignored by obtaining judgment under codal provisions thereby precluding the garnishee from seeking relief under the statutory provisions creating his liability in the first instance. Accordingly, it was held that where an employer fails to timely answer wage garnishment interrogatories a default judgment may be rendered against him pursuant to C.C.P. Art. 2413 but the court has discretion thereafter to reopen the case pursuant to R.S. 13:3923. Beneficial Finance Company of Louisiana v. Haviland, 411 So.2d 1102 (La.App. 4th Cir. 1982).
We consider Haviland to be rightly decided and expound upon it. C.C.P. Art. 2413 provides that relief may be provided as set forth in C.C.P. Art. 2415. The latter article expressly provides that the remedy is not available in cases involving garnishment of wages, salaries or commission. Thus the Code of Civil Procedure prohibits a default judgment in such instances and the Revised Statutes provide for relief when the article is misapplied. R.S. 13:3923. In the case at bar appellee cannot be heard to say its claim is not one for wages as such is expressly stated in its petition. Nonetheless, Commercial Securities urges on appeal that its action should be characterized as general garnishment action, however the evidence overwhelmingly preponderates otherwise. Under these circumstances the rendition of *1351 the default judgment was in error and the case shall be reopened.
It is, of course, the duty of the garnishee to answer all proper questions and interrogatories and to make all proper disclosures concerning his indebtedness to the debtor or concerning property of the latter in his possession. The provisions of Art. 2413 relative to attorney's fees and costs are consonant with the statutes pertaining to wage garnishment and amply protect the seizing creditor against court costs and attorney's fees which are occasioned by the failure of the garnishee to answer the interrogatories. Mid-City Investment Co. v. Batiste, 248 So.2d 88 (La. App. 1st Cir. 1971). Furthermore, if additional sanctions are necessary to compel garnishee's compliance resort may be had to ordinary contempt provisions. However, as the law stands, the garnishee cannot be penalized, for the benefit of the debtor, due to its failure to answer by imposing the total judgment upon the one who is merely a stakeholder.
The garnishee has established a prima facie showing of a meritous defensethe improperly rendered default judgment. Appellant is entitled to have the case reopened pursuant to LSA-R.S. 13:3923.
For the reasons set forth above the judgment appealed is reversed and the case remanded for further proceedings consistent with this opinion. Costs are taxed to appellant.
REVERSED AND REMANDED.
FORET, J., dissents and assigns reasons.
SWIFT, J., dissents for the reasons assigned by FORET, J.
FORET, Judge, dissenting.
I respectfully dissent from the majority decision in this case for the reasons expressed by Judge Kleibert in his dissenting opinion in Beneficial Finance Co. of La. v. Haviland, 411 So.2d 1102 (La.App. 4 Cir. 1982).
NOTES
[1] LSA-C.C.P. Art. 2413.
[2] id.
[3] id.
[4] id.
[5] id.
[6] LSA-R.S. 13:3921, 13:3922
[7] LSA-R.S. 13:3922