|2LeBLANC, Judge.
This is an appeal by the plaintiff, Zurich Insurance Company, from an order vacating the garnishment judgment Zurich obtained against garnishee, Tobacco Mart of Monroe, Inc., and reopening the garnishment proceedings. We affirm.
Zurich obtained a money judgment against Thomas Harmon and filed a garnishment petition naming Tobacco Mart as garnishee, based on Harmon’s alleged employment by Tobacco Mart. Service was made on the registered agent for service of Tobacco Mart, Mr. Harmon; however, no answer to the garnishment or garnishment interrogatories was filed. Rule for judgment pro confesso was filed by Zurich against Tobacco Mart and service was again made on the registered agent for Tobacco Mart, Mr. Harmon. The day of the hearing no one made an appearance on behalf of Tobacco Mart and judgment pro confesso was rendered in favor of Zurich and against the garnishee, Tobacco Mart.
Subsequently, Tobacco Mart filed a motion to reopen the case, pursuant to La.R.S. 13:3921, et seq. A hearing was held and the court issued an order vacating the judgment pro confesso and reopening the proceedings. From this order, Zurich appeals asserting the trial court erred in reopening the case.
LAW AND DISCUSSION
Garnishment proceedings are governed by La.C.C.P. art. 2411-17. Garnishment of wages is governed by La.R.S. 13:3921, et seq. According to the general garnishment provisions, if the garnishee fails to answer the interrogatories propounded within the delays provided, the plaintiff can proceed by contradictory motion against the garnishee for the amount of the judgment. Failure by the garnishee to answer is prima facie proof that the garnishee has property of or is indebted to the judgment debtor. Judgment will then be rendered against the garnishee unless the garnishee proves he has no property of and is not indebted to the judgment debtor. La.C.C.P. art. 2413.
[gSpecialized procedures exist for the garnishment of wages. La.R.S. 13:3921 et seq. La.R.S. 13:3923 provides:
It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in such cases, but the court shall render judgment for the monthly, semimonthly, weekly or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The garnisher shall serve upon the garnishee the citation, the petition, the *385 garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include, but not be limited to, the principal, interest, court costs incurred to date, and attorney’s fee due under the judgment. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eighty days after the termination. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court, (emphasis added)
The clear language of La.R.S. 13:3923 permits a reopening of the case when judgment by default is taken against the garnishee. In Commercial Securities Co., Inc. v. Corsaro, 417 So.2d 1346 (La.App. 3rd Cir.1982), and Beneficial Finance Co. of La. v. Haviland, 411 So.2d 1102 (La.App. 4th Cir.), writ denied, 415 So.2d 942 (1982), the Third and Fourth Circuits held that where an employer fails to timely answer wage garnishment interrogatories a default judgment may be rendered against him but the court has discretion thereafter to reopen the ease pursuant to R.S. 13:3923. Commercial Securities, 417 So.2d at 1350; Beneficial Finance, 411 So.2d at 1105.
In the instant case, Tobacco Mart asserted in its motion to reopen the case that Mr. Harmon, believing the proceeding to be against him personally, failed to note the citation to Tobacco Mart and failed to notify the corporation. As a result, the interrogatories were never received or answered by Tobacco Mart. At the hearing on the motion to reopen the case, Mr. Harmon testified he was the defendant in the underlying proceeding wherein Zurich Insurance had obtained a money judgment against him. Mr. |4Harmon had cooperated with a judgment debtor examination convened on behalf of Zurich and believed the document in the instant matter to be “another document that I received of [sic] Zurich versus me”. Both Mr. Harmon and an official of Tobacco Mart testified Mr. Harmon is not an employee of Tobacco Mart; neither does Tobacco Mart hold any property of Mr. Harmon’s or owe any money to Mr. Harmon.
Based on the testimony offered at the hearing on the motion to reopen the case, the court reopened the proceedings and vacated the prior judgment. We cannot say, under these circumstances, the court abused its discretion granted under La.R.S. 13:3923. Therefore, the order of the trial court reopening the proceeding and vacating the pri- or judgment is affirmed. All costs of this appeal to be paid by Zurich Insurance Company.
AFFIRMED.