## COPLEY v. DOSSON.

The proceeding authorized by sec. 13 of the stat. of 20 March, 1839, against third persons under a *fi. fa.*, cannot be substituted for a direct revocatory action, and be used to assail, on the ground of fraud, the title of such third person to property in his possession.

Interrogatories propounded to a third person under section 13, of the stat. of 20 March, 1839, though not answered on the day on which the party was cited to appear, cannot be taken for confessed without an order of court. Until such an order has been made the person interrogated may appear and answer them, and plead any defence he could have previously offered.

APPEAL from the District Court of Franklin, *Barry*, J. *Morrison*, for the appellant. *Garrett*, for the garnishee. The judgment of the court was pronounced by

KING, J. The plaintiff, having first caused an execution to issue upon a judgment obtained against *M. H. Dosson*, proceeded under the 13th section of the act of 1839, to propound interrogatories to *Mrs. N. C. Dosson*, as garnishee, who excepted to answering them on the ground that, the plaintiff had not averred in his petition that she had in her possession property of the defendant, *M. H. Dosson*, or that she was indebted to *Dosson;* that the interrogatories were not pertinent to the legal issue between the parties, whether or not she was indebted to the defendant in execution, or had funds of his in her hands; and finally, she pleaded *res judicata*. The exception was sustained; and from a judgment dismissing the action, the plaintiff has appealed.

There is, in our opinion, no error in the judgment appealed from. The

COPLEY
v.
DOSSON.

manifest object of the interrogatories propounded was, to assail the garnishee's titles to property in her possession on the ground of fraud, and to test their validity in this proceeding.

It has been repeatedly held, that the proceedings in garnishment, authorized by the act of 1839, could not be converted to this purpose, or substituted for a direct recoventory action. 1 Rob. 435. 17 La. 558.

The position assumed by the plaintiff that, the garnishee having failed to answer the interrogatories on the day for which she was cited to appear, they were to be considered as confessed, without a motion or order of the court to that effect, and as precluding her from all further defence, is untenable. In the case of *Sturgess* v. *Kendall*, 2 An. 565, relied on, which was a case of attachment, the interrogatories were ordered to be taken as confessed, on a formal motion to that effect. Until interrogatories are taken by the court as confessions, the garnishee may appear and answer them, and plead all defences which he could have previously opposed to the proceedings against him.

*Judgment affirmed.*