## R. R. Estill v. A. W. Goodloe.

Where the answer of a garnishee does not contain an unqualified confession of his liability, the plaintiff cannot take judgment against him without giving him notice and affording him an opportunity of defending himself.

APPEAL from the District Court of Carroll, *Richardson*, J. *Caldwell* and *Peirce*, for plaintiff. *Benjamin* and *Micou*, for defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff brought suit against *Goodloe* by attachment, and garnisheed *Wilkins*. The garnishee answered, in substance, that he had given the defendant certain notes, payable to him and not negotiable; that he did not know in whose possession they were; that one *Gaines* had told him the notes had been transferred, but refused to say to whom; that the notes were given for the price of a tract of land, upon which one *Berry* claimed a mortgage and was attempting to enforce it; that if *Berry* was successful, he was entitled to relief from the payment of the notes. There is nothing on the face of these answers justifying a suspicion that the garnishee desired to evade any just responsibility to *Goodloe* if *Goodloe* was still his creditor, or to do anything more than secure for himself a just protection in the matter.

The cause was brought to trial as against the defendant's administrator, he having died after issue joined. In his answer he had pleaded that, prior to the attachment, he had transferred the notes of the garnishee to *D. R.* and *C. R. Sessions*. Judgment was rendered against the administrator, and at the same

time against the garnishee, without any notice to the latter or traverse of his answers.

We think the judgment against the garnishee was irregular. His answer was not an unqualified confession of indebteness to *Goodloe.* He set up various matters of defence; and if the plaintiff intended to dispute them and claim judgment against the garnishee, it was the right of the garnishee to receive notice of this intention, and to have an opportunity of defending himself.

The evidence taken in the main cause has disclosed the fact, that the notes had been transferred by *Goodloe* to third persons, before the attachment. Whether that transfer is valid against the attaching creditor, must be decided in determining the liability of the garnishee. As this cause must go back for further litigation, we think the rights of all parties concerned will be better ascertained by requiring the plaintiff to bring into this suit the alleged transferrees.

It is therefore decreed, that the judgment against *Wilkins* be reversed, and that the cause be remanded for further proceedings, with leave to the plaintiff to traverse the answers of the said *Wilkins*, and with instructions to the court below not to proceed to final judgment as to said garnishee until *Daniel H. Sessions* and *Charles R. Sessions* have been made parties herein by the said plaintiff. It is futher decreed, that the costs of appeal be paid by the plaintiff.