**No. 3181**

**Second Circuit**

**VICTORIA LUMBER CO., LTD., v. WOODSON**
**TOM GREEN, Garnishee**

(March 24, 1930. Opinion and Decree.)

Harry V. Booth, of Shreveport, attorney for plaintiff, appellee.

W. H. Scheen, of Shreveport, attorney for garnishee, appellant.

ODOM, J. The plaintiff obtained judgment against defendant, procured the issuance of a writ of fi. fa., and by supplemental petition in which it was alleged that Tom Green, a resident of the city of Shreveport, was indebted unto defendant, asked that Green be made a party garnishee and directed to answer categorically and in writing under oath the annexed

interrogatories. The order was granted as prayed for on July 25, 1927. Personal service of citation and the interrogatories was made on Green on July 29th. He was given ten days in which to answer.

We here copy the minutes of the court, certified as correct by the clerk, as they appear:

"Tuesday, August 9th, 1927.
"Court opened Tuesday, August 9th, 1927, by N. P. Tanner, Marshal, with Judge David B. Samuel presiding and clerks, H. C. Griggs and R. D. Hendrick in attendance.
"Following proceedings had:
"Minutes of Monday, August 8th, 1927, read and approved.
"Victoria Lumber Company, Ltd., No. R-1766, vs. John Woodson.
"Answer of Garnishee filed. Judgment against the Garnishee. Judgment read, signed and filed.
"Court adjourned."

The judgment read, signed, and filed as of that date, so far as it need be quoted reads as follows:

"In the above entitled and numbered cause, Tom Green, having been duly cited Garnishee therein, and having failed to answer the interrogatories within the delay given by law, the law and the evidence being in favor of the plaintiff, Victoria Lumber Company, and against the Garnishee, Tom Green; it is therefore ordered, adjudged and decreed:
"That there be judgment pro confesso in favor of the plaintiff, Victoria Lumber Company, and against the Garnishee, Tom Green. * * *"

The garnishee's answers to the interrogatories are in the transcript and are endorsed as follows:

"Filed, August 9th, 1927, R. D. Hendrick, Clerk."

In the garnishee's answers to the interrogatories, he denied that he was then indebted to defendant in any sum, that he had any property in his possession or under his control belonging to defendant, or that he had, since the service of notice upon him, made any payment to said defendant or given him any note or other obligation, or received from him any receipt or acceptance.

As soon as the garnishee learned, incidentally it seems, that judgment pro confesso had been rendered against him, he moved to have the judgment set aside on the ground that his answers had been filed in time and were before the court when judgment was rendered, and that inasmuch as he had specifically denied that he was indebted to defendant, no judgment could be rendered against him.

The motion to set the judgment pro confesso aside was tried before a judge ad hoc who denied it. The garnishee appealed to this court.

## OPINION

Service on the garnishee was made on July 29th. Not counting the day on which service was made, the garnishee, having ten full days in which to answer and the last day not being a legal holiday, it will be seen that his delay for answering expired at the close of August 8th.

Article 263 of the Code of Practice provides that:

"If the garnishee, to whom interrogatories have been put, refuse or neglect to answer the same under oath in the delay of the law, such refusal or neglect shall be considered as a confession of his having in his hands property belonging to the debtor, sufficient to satisfy the demand made against such debtor, and judgment shall be rendered against him for the amount claimed by the defendant, with interest and costs."

It is contended by counsel for appellee that under the above-quoted article of the Code, the garnishee must file his answers

to the interrogatories on or before the tenth or last day given him and not later; that his failure to answer on or before the tenth day is a confession of indebtedness which cuts him off and closes, locks and bars the door against him. That such was the opinion and holding of both the trial judge and the judge ad hoc, who refused to set the judgment aside, is made clear, we think, by the record.

The judgment against the garnishee recites in part that: "Tom Green, having been duly cited Garnishee therein, and having failed to answer the interrogatories within the delay given by law, the law and the evidence being in favor of the plaintiff, * * * it is therefore ordered, adjudged and decreed: that there be judgment pro confesso in favor of the plaintiff."

The judge ad hoc, in his written reasons for refusing to set the judgment aside, said:

"Service on the garnishee was made personal on July 9th (29th) 1927, and judgment signed on August 9th, 1927. In Tessier v. Jacobs, 164 La. 239, 113 So. 833, the Supreme Court decided a situation exactly similar to this and declared that the ten (10) days had expired. * * *"

That the trial judge was of the opinion that the garnishee was cut off entirely by his failure to answer by the end of the tenth day is further evidenced by the fact that, according to the minutes, the answers of the garnishee were filed and were before the court before and at the time judgment pro confesso was granted, which answers clearly and emphatically deny any indebtedness to defendant. If the judge had thought he was permitted under the law to consider the garnishee's answers, he would not have rendered judgment pro confesso, for it is settled jurisprudence that when the answer of the garnishee de-

nies any indebtedness to defendant, no judgment can be rendered against him without a rule or other proceeding to traverse his answers. Coleman vs. Fennimore, 16 La. Ann. 253; Marks vs. Reinberg, 16 La. Ann. 348; Taylor vs. McGee, 19 · La. Ann. 374; Flash vs. Norris, 27 La. Ann. 93; Maduel vs. Mousseau, 28 La. Ann. 691; Estill vs. Goodloe, 6 La. Ann. 122; Auge vs. Variol, 31 La. Ann. 865; Roth vs. Hotard, 32 La. An. 280; Edwards vs. Fairbanks (1883) Man. Unrep. Cas. 53; David vs. Rode (1883) 35 La. Ann. 961; Germania Sav. Bank vs. Peuser, 40 La. Ann. 796, 5 So. 75.

We hold as a fact that the garnishee's answers were filed on August 9th, before the judgment pro confesso was entered. Our holding is based on the minute entries as we find them in the transcript. They are as follows:

1. "Answer of Garnishee filed."
2. "Judgment against the Garnishee."
3. "Judgment read, signed and filed."

We take it that these minute entries correctly show chronologically the proceedings had before the court on August 9th. If they were not correct, it was plaintiff's privilege to have them corrected.

Now as a matter of law, we hold that even though the garnishee's answers were not filed by the end of the tenth day, they should have been considered by the court, having been filed on the eleventh day, before plaintiff moved for judgment pro confesso.

In garnishment proceedings, the failure of the garnishee to answer by the end of the prescribed period is in the nature of and is equivalent to a default in ordinary proceedings. Patrick Henry vs. Mrs. E. M. Bryce, Wells & Wife, Garnishees, 11 La. Ann. 691. But such default is not final and can be made so only upon motion in

open court for judgment. In ordinary proceedings, "if the defendant do not appear either in person or by his advocate after the delay provided by law, the plaintiff may take a judgment by default against him." Code of Practice, art. 310. "Such judgment may be obtained by moving for it in court, but it consists merely in a statement on the records of the court, showing that the defendant has failed to appear." Code of Practice, art. 311.

In garnishment proceedings, no motion is necessary to obtain a default against the garnishee. His failure to appear is a default or a confession that he is indebted unto plaintiff as alleged and authorizes a final judgment by motion. In ordinary proceedings, if the debtor neither appear nor file answer in two clear, legal days, a definitive judgment will be given against him if plaintiff prove his claim. But, "if the defendant, on the very day when a definitive judgment by default was to have been rendered against him, appear and file his answer, the first judgment taken shall be set aside." Code of Practice, art. 314.

Under the Code and our jurisprudence, it matters not how long a case may stand on preliminary default, such default is set aside by answer filed at any time previous to its confirmation. So, in garnishment proceedings, if the garnishee file his answer at any time previous to motion for judgment pro confesso, his default or confession resulting from his failure to answer within ten days is set aside and there is issue joined between him and plaintiff.

The Code of Practice, art. 263, provides that the garnishee's failure or neglect to answer within the delays allowed him "shall be considered as a confession," not *taken* as a confession. The very point here involved was decided by our Supreme Court in 1848. In the case of Copley vs. Dosson, 3 La. Ann. 651, the court said:

"The position assumed by the plaintiff that, the garnishee having failed to answer the interrogatories on the day for which she was cited to appear, they were to be considered as confessed, without a motion or order of the court to that effect, and as precluding her from all further defense, is untenable. In the case of Sturges vs. Kendall, 2 La. Ann. 565, relied on, which was a case of attachment, the interrogatories were ordered to be taken as confessed, on a formal motion to that effect. Until interrogatories are taken by the court as confessions, the garnishee may appear and answer them, and plead all defenses which he could have previously opposed to the proceedings against him."

The case of Tessier vs. Jacobs, 164 La. 239, 113 So. 833, cited by the judge ad hoc and relied upon by counsel for appellee, has no application here. In that case it was contended that, "under Code Prac. arts. 180 and 318, the terminal day is excluded in the delay for answering"; that a defendant had the whole of the next day in which to file answer and that a judgment entered on the eleventh day was premature. The court said that the uniform jurisprudence for a period of more than fifty years was that "the delay for answering expires on the tenth day, if not a holiday, and, if it be a holiday on the following day, after service of the citation, and that a preliminary default may be timely entered on the next day," citing a long list of decisions.

The question involved in that case and in those cited was whether a preliminary default might be legally entered on the eleventh day, and the court held that it could. But that case is not decisive of the point at issue in the case at bar. Under the very letter of the Code, a garnishee who fails to answer by the end of the tenth day is considered in default. But whether he be in default is not the question. The question is whether being in default, he

may set that default aside by answer filed thereafter at any time before motion is made for judgment pro confesso? We hold that he may do so.

At the time the judgment was rendered against the garnishee, his answers, denying any indebtedness to defendant, were before the court and no judgment could be rendered against him. See authorities cited supra.

It is therefore ordered, adjudged, and decreed that the judgment against Tom Green, garnishee, be reversed, and that plaintiff pay all costs.