YARRUT, Judge.
This is an appeal from the judgment dismissing Plaintiff’s rule nisi for a judgment pro confesso, filed on April 7, 1966, against the Garnishee (Joseph Jurisich Transfer & Storage Co., Inc.) to satisfy a judgment for $17,510.15, with interest and costs, which Plaintiff previously obtained against Joseph Jurisich, Jr.
The garnishment was served on Joseph Jurisich, Jr., President, on March 15, 1966, and heard by the District Court on February 3, 1967. On the latter date, Joseph Jurisich Transfer & Storage Co., Inc. filed its answer, denying any indebtedness to Mr. Jurisich.
Defendant’s main contention is that since it filed its answer prior to the judgment on the rule for a judgment pro confesso, that its answer was effective and that the creditor’s exclusive remedy was under LSA-C.C.P. Art. 2414, requiring that the creditor traverse the answer of the Garnishee. Defendant relies on Victoria Lumber Co. v. Woodson, 13 La.App. 30, 127 So. 95, which reversed a judgment pro confesso even though the answer to the writ of garnishment was filed after the delay provided by law. However, in the cited case, the answer was filed before the motion for the rule for a judgment pro confesso was filed. In the instant case, the motion for the judgment pro confesso was filed ten months before the answer.
The effect of the Garnishee’s failure to answer timely is governed by LSA-C.C.P. Art.- 2413, which provides:
“If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest and costs.
“Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
“Regardless of the decision on the contradictory motion,' the court shall render judgment against the garnishee for the costs and a reasonable attorney’s fee for the motion.” (Emphasis added.)
It is clear that a rule for a judgment pro confesso will lie if the motion for same is filed prior to the answer of the garnishee, and that the filing of the motion for the judgment pro confesso shifts the burden of proof to the garnishee. Therefore, Plaintiff was entitled to a hearing on his rule, and the burden of proof at that trial was on the Garnishee.
Plaintiff bases his appeal on the following grounds: (1) The Trial Judge erred in holding that the garnishee had successfully borne the burden of proof; (2) the Trial Judge erred in not granting Plaintiff’s request for documentary evidence and accounting of the loans made by the Corporation to' judgment debtor; (3) the Trial Judge erred in not permitting Plaintiff’s counsel to question the witness, Mrs. Cotog-no, the judgment debtor’s sister, as to how she became the major stockholder of Defendant-corporation.
The only witness was Mrs. Rita Cotogno, sister of the judgment debtor and secretary-treasurer of Joseph Jurisich Transfer & Storage Co., Inc. She occupied this position when the writ was served on March 15, 1966, and when the rule for judgment pro confesso was heard on February 3, 1967.
*110 Her testimony was that Joseph Jurisich, Jr. is still the President of the Corporation and works intermittently at the business; that Joseph Jurisich Transfer & Storage Co., Inc., either has no hoard of directors or the directors consist of Mrs. Cotogno and the judgment debtor; - that Mr. Jurisich founded the business as a proprietorship 25 years ago, which was incorporated in 1960, at which time he gave or sold the business, the trucks and the other equipment to- the Corporation and became its President; that the Corporation loaned judgment debtor between March 15, 1966 and the trial of the rule, an amount between $2000.00 and $3000.00. Mrs. Cotogno further testified these loans were not authorized by any resolution or corporate action, nor were they secured by promissory notes, and that no provision has been made for the'repayment of the loans. She also testified that she owns the majority of the stock in the Corporation, though counsel for the judgment creditor was not permitted to- go into how she acquired the stock.
Plaintiff contends that, if this proceeding had been a rule to traverse, then the burden of proof would have been on Plaintiff, judgment creditor; however, since it was a rule for a judgment pro confesso, the burden was on the Garnishee Corporation, which should have been required to- show that the Corporation was really owned by Mrs. Cotogno and not by Joseph Jurisich, Jr., its President, founder, former sole proprietor and incorporator. Plaintiff cites Jones v. Commagere, La.App., 181 So. 198, in which it was held that withdrawals from a corporation characterized as loans by the judgment debtor were in reality income subject to garnishment, when the Corporation was merely the “alter ego” of the judgment debtor.
 The Trial Court should have required the Garnishee to produce its ledger and other documents that would show the exact amount of funds transferred to Mr. Jurisich and the nature of the transfer. It also should have permitted cross-examination of Mrs. Cotogno as to the circumstances surrounding the transfer of the majority of stock in the Corporation to her.
Therefore, the judgment of dismissal of the rule for the judgment pro- confesso is set aside and the case remanded to- the District Court to- permit the introduction of such evidence; all costs to be paid by Defendant-Appellee, as provided by LSA-C. C.P. Art. 2413.
Judgment annulled; case remanded.