| PETERS, Judge.
This appeal arises out of an attempt by Ola Ardoin Keller to collect a judgment rendered in her favor against Carl Coussan and his wife, Dianne. In the process of collecting the judgment, Ms. Keller filed a garnishment proceeding against Dianne Coussan’s employer, the Lafayette Parish School Board. When the School Board failed to timely answer the garnishment petition, judgment was rendered against it in favor of Ms. Keller in the amount of $17,316.87, court costs, and attorney fees. Ms. Keller now appeals a judgment declaring her judgment against the School Board a nullity.
DISCUSSION OF THE RECORD
Carl and Dianne Coussan leased certain immovable property belonging to Ola Ardoin Keller in August 1991. They remained in possession of the property until Ms. Keller issued a notice for them to vacate the premises by September 1, 1994. After |2they timely complied with the notice to vacate, Ms. Keller inspected the property and found significant damage. Ms. Keller brought suit to collect for the damage, and when the Coussans failed to answer the petition, she confirmed a default judgment against them in the amount of $17,316.87, plus court costs and attorney fees.
Ms. Keller then filed a petition to garnish the wages of Mrs. Coussan, alleging that the Lafayette Parish School Board was her employer. The School Board, as garnishee, was ordered to answer certain interrogatories concerning its employment relationship with Mrs. Coussan. The order naming the School Board as garnishee and ordering it to answer the interrogatories was signed by the trial court on March 21, 1995. The School Board was served with the appropriate documents through its superintendent, Max Skidmore, on March 28,1995.
The School Board initially failed to answer the interrogatories, and on April 19,1995, the trial court issued an order to the School Board for it to appear on May 15, 1995, and show cause why it failed to comply with the order to answer the interrogatories. This rule was served on the School Board through its superintendent on April 24, 1995. On May 1, 1995, the School Board filed a letter into the record which purported to answer the interrogatories. This letter was signed by Mr. Skidmore; however, the answers were not supplied under oath.
The May 15, 1995 hearing was held as scheduled, but no one appeared on behalf of the School Board. On that day, the trial court rendered judgment in favor of Ms. Keller and against the School Board in the amount awarded to Ms. Keller in the original judgment against the Coussans. ($17,316.87, plus court costs and attorney fees). Additionally, the trial court ordered the School Board to pay all costs associated with the rule and $250.00 in attorney fees to Ms. Keller.[1] In response to this judgment, |3the School Board filed both an appeal[2] and the present action to annul the judgment.
Motions for summary judgment were filed by both Ms. Keller and the School Board. Initially, the trial court rendered judgment in favor of Ms. Keller, dismissing the School Board’s suit. However, the School Board filed a motion to reconsider, and on January 4, 1996, the trial court rendered judgment, reversing its earlier judgment and granting the School Board’s motion for summary judgment. It is from this judgment that Ms. Keller has appealed.
OPINION
Garnishment actions are nothing more than the vehicle by which a successful litigant may satisfy a judgment rendered in his favor by seizing property of the judgment debtor which is in the hands of a third party or by seizing a portion of the wages payable *489 to the judgment debtor by his employer. The general procedure for seizing property is found in La.Code Civ.P. art. 2411, et seq. whereas the wage garnishment procedure is governed by La.R.S. 13:3921, et seq. The garnishment at issue is one for the garnishment of wages.
La.R.S. 13:3923 identifies the specific documents required to be served on the garnishee, including the garnishment interrogatories. These interrogatories are required to be very specific. See La.R.S. 13:3924. These questions, and the answers supplied by the employer, are designed to inform the court of the debtor’s employment status, rate and method of compensation, and status of other claims against his wages.
The wage garnishment statutes are silent as to the method for instituting a proceeding, the delay for filing answers to interrogatories, the form for such answers, and the penalty for failing to answer. However, the general garnishment articles do |4address these matters. Under those articles, the garnishment proceeding is to be instituted by petition. La.Code Civ.P. art. 2411. Additionally, La.Code Civ.P. art. 2412 provides in part that “[t]he garnishee shall file his sworn, answers to the interrogatories within fifteen days from the date of service.” (Emphasis added). If the garnishee fails to answer under oath, he has failed to answer. Houma Mortg. & Loan, Inc. v. Marshall, 94-0728 (La.App. 1 Cir. 11/9/95), 664 So.2d 1199. As to the remedy where the garnishee fails to timely answer the interrogatories, La.Code Civ.P. art. 2413 provides that:
If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the fifing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney’s fee for the motion.
In order to effect a workable procedure, the wage garnishment statutes and the general garnishment articles should be considered supportive of each other. Beneficial Finance Co. of La. v. Haviland, 411 So.2d 1102 (La.App. 4 Cir.), writ denied, 415 So.2d 942 (La.1982). Any other view would render the wage garnishment provisions useless. Simply stated, without these procedures overlapping, an employer could ignore wage garnishment interrogatories with impunity.
In this case, it is not disputed that Ms. Keller properly instituted her garnishment action; the School Board failed to file answers to the interrogatories within fifteen Isdays; and Ms. Keller proceeded by contradictory motion against the School Board for the amount of the unpaid judgment, interest, and costs.[3] The attempt by the School Board to answer the interrogatories was unsuccessful because the answers were not sworn responses. The School Board failed to appear at the contradictory hearing, and Ms. Keller used its failure to answer the interrogatories as prima facie proof that it was indebted to Ms. Coussan to the extent of her judgment against Ms. Coussan. The trial court rendered judgment to that effect, together with additional costs and attorney fees.
Applicability of Notice Requirements of La.Code Civ.P. art. 1704(C)
The trial court relied on Commercial Securities Co. v. Corsaro, Inc., 417 So.2d *490 1346 (La.App. 3 Cir.1982), to conclude that Ms. Keller’s judgment against the School Board was a nullity. In doing so, it concluded that the procedure for obtaining judgment on this rule was equivalent to the procedure used in confirming a default judgment pursuant to La.Code Civ.P. art. 1701, et seq. and therefore, subject to the political subdivision notice provisions of La.Code Civ.P. art. 1704(C).[4] It is undisputed that Ms. Keller did not comply with the provisions of this Article prior to taking her judgment. Ms. Keller contends that the notice provisions of La.Code Civ.P. art. 1704(C) do not apply to these proceedings, and we agree.
| ¡¡There is a difference between taking and confirming a default judgment as provided for in La.Code Civ.P. art. 1701, et seq. and in obtaining a judgment by default in a contradictory hearing instituted by rule. The former is required when a defendant in a principal or incidental action fails to timely answer the demand. La.Code Civ.P. art. 1701(A). It requires the entering of a judgment by default in the minutes of the court. Id. The judgment, often referred to as a preliminary default, must then be confirmed two days after its entry by presenting prima facie proof of the demand. La.Code Civ.P. art. 1702(A). However, when the default is being confirmed against a political subdivision, additional precautions are provided for giving notice. See La.Code Civ.P. art. 1704. The latter becomes a judgment by virtue of a party failing to appear and present a defense at a contradictory hearing. There is nothing in the Code of Civil Procedure which requires one seeking relief at a contradictory hearing instituted by rule to enter a preliminary judgment by default and confirm that judgment at a later date.
The Commercial Securities language relied upon by the trial court decision is as follows:
Failure of the garnishee to file his answer within the delay provided by law results in plaintiff being entitled to seek a judgment pro confesso against the garnishee. LSA-C.C.P. Art. 2413. Such a judgment is an interlocutory decree which deems the garnishee’s failure to answer to be a confession, or prima facie proof, that [sic] has sufficient assets in his hands to satisfy plaintiffs claim. However, the judgment pro confesso is not self-executory and it is not until a contradictory motion is filed against the garnishee for the amount of the judgment that the stage is set for a default judgment against the garnishee. Up until this time the court may permit the garnishee to file his answers in an attempt to rebut the judgment creditor’s prima facie case.
Id. at 1349 (citations omitted) (footnotes omitted) (emphasis added).
The Commercial Securities court made no mention of the taking of a preliminary default or of the confirmation process. The issue in Commercial Securities related not to the question of the default process but rather to the authority of the trial court to 17reopen a wage garnishment proceeding pursuant to La.R.S. 13:3923.[5] Citing Beneficial Finance *491 Co. of Louisiana, 411 So.2d 1102, the court stated:
[W]here an employer fails to timely answer wage garnishment interrogatories a default judgment may be rendered against him pursuant to C.C.P. Art. 2413 but the court has discretion thereafter to reopen the case pursuant to R.S. 13:3923.
Commercial Securities Co., Inc., 417 So.2d 1346, 1350 (citation omitted).
The issue presented in both the Commercial Securities and Beneficial Finance cases pertained to the court’s discretion in reopening a garnishment ease pursuant to La.R.S. 13:3923, not to whether a judgment pursuant to La.Code Civ.P. art. 2413 was a confirmation envisioned by La.Code Civ.P. 1704(C).
We further note that the language in these cases, concerning the concept of judgment pro confesso, is somewhat misleading. The source article for La.Code Civ.P. art. 2413 is Article 263 of the Louisiana Code of Practice, which specifically provided for a judgment pro confesso in the event of the failure of the garnishee to answer the interrogatories.[6] This concept was replaced in La.Code Civ.P. art. 2413 with the | ¿requirement that a judgment not be entered until after a contradictory hearing.
Accordingly, we find that the trial court erred in concluding that Ms. Keller’s judgment was a nullity because it failed to comply with the notice provisions of La.Code Civ.P. art. 1704(C). However, we do not address the issue concerning the application of La. R.S. 13:3923 as the School Board has not asked for that particular relief.
Fraud and Ill Practices Issue
The School Board also argues that the summary judgment should be granted because of the fraud and ill practices of Ms. Keller and her attorney. While making this argument in brief, the School Board sets out the following dates as being “important in evaluating the merits of this exception:”
March 28,1995 — Citation to garnishee and Interrogatories served on LAFAYETTE PARISH SCHOOL BOARD;
April 11, 1995 — Before the Answers and Interrogatories were due, OLA AR-DOIN KELLER forwarded to the Clerk of Court a Rule for Judgment Pro Con-fesso claiming that the time permitted for filing answers had expired.
April 24, 1995 — Rule Nisi notifying the LAFAYETTE PARISH SCHOOL BOARD of hearing set on May 15,1995;
April 25, 1995 — LAFAYETTE PARISH SCHOOL BOARD answered Interrogatories;
May 1, 1995 — LAFAYETTE PARISH SCHOOL BOARD’S Answers to Interrogatories were filed with the Clerk of Court;
May 8, 1995 — LAFAYETTE PARISH SCHOOL BOARD’S Answers to Interrogatories served on attorney of Plaintiff;
May 15,1995 — Judgment Pro Confesso.
_|aAt oral argument, counsel for the School Board argued that the School Board’s complaint of fraud and ill practices related to the April 11, 1995 date. The School Board contends that this letter, dated less than fifteen days after service, somehow deprived it of legal rights. See Foret v. Terrebone, Ltd., 93-676 (La.App. 5 Cir. 1/25/94), 631 So.2d *492 103. However, we do not find that the date of the correspondence is dispositive of the timely fifing issue.
The timing of any request for relief by a party is governed by the pleading itself, not the correspondence. Additionally, no legal document becomes a pleading until it is filed. See Block v. Fitts, 259 La. 555, 250 So.2d 738 (1971). It is interesting to note that the School Board refers this court only to the letter of transmittal of Ms. Keller’s motion for relief. The rule itself is not a part of this record. Thus, the School Board has failed to present any proof of an untimely application for relief, and there remains an issue of material fact to be resolved. The supreme court has defined a material fact as one whose “existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. Therefore, a material fact is one that will matter on the trial of the merits. Id. Summary judgment is not a substitute for a trial on the merits. Morris v. American Sur. & Fidelity Ins. Co., 573 So.2d 1227 (La.App. 4 Cir.1991). It is appropriate only when it is inevitable that reasonable minds would conclude that there does not exist any genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Natchitoches Parish Hosp. Serv. Dist. v. Rachal, 94-995 (La.App. 3 Cir. 2/1/95), 649 So.2d 1152, writ denied, 95-0528 (La.4/7/95), 652 So.2d 1349. If there is any doubt, it should be resolved in favor of denying the motion for summary judgment and in favor of a trial on the merits. Id.
Without knowing the fifing date of the motion, there is an issue of material fact remaining to be resolved in this case, and we reject the School Board’s argument on | «this point. Specifically, the School Board has presented this court with no evidence of fraud and/or ill practices on the part of Ms. Keller or her attorney. There seems to be a trend of raising fraud and ill practices as a defense. We note that this court is concerned with, and looks with displeasure on, the continuous fifing of fraud and ill practice defenses not supported by the record.
Attorney Fee Issue
Ms. Keller contends that the trial court erred in not granting her attorney $250.00 for the rule against the School Board. As previously noted in a footnote, we interpret the language of the May 15, 1995 judgment in the only logical way possible so as to conclude that the attorney fees were awarded in the sum of $250.00. Having reached that conclusion, we need not address this issue as our reversal of the trial court herein reinstates the May 15, 1995 judgment in all respects.
In summary, we find that the trial court erred in declaring its judgment in favor of Ms. Keller a nullity for failure to comply with La.Code Civ.P. art. 1704(C). Additionally, we find no evidence of fraud and ill practices on the part of Ms. Keller or her attorney. The attorney fee issue is not currently before us because this decision has the effect of reinstating the prior judgment.
DISPOSITION
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are taxed to the appellee, Lafayette Parish School Board, to the extent allowed by law.
REVERSED.
WOODARD, J., concurs.

. The judgment provides that the School Board pay "reasonable attorney’s fees and the sum of $250.00 to plaintiff.” (Emphasis added). We conclude that this phraseology results from a typographical error and that the judgment should properly read "reasonable attorney’s fees in the sum of $250.00 to plaintiff.”

. This appeal was lodged with the Third Circuit Court of Appeal and given the docket number, 95-1220. On March 28, 1996, upon the motion of counsel for the School Board, the appeal was dismissed.

. The pleading filed by Ms. Keller is entitled "RULE FOR JUDGMENT PRO CONFESSO.” However, the prayer for relief in the pleading is not for a Judgment Pro Confesso but rather for the setting of a contradictory hearing.

. La.Code Civ.P. art. 1704(C) reads as follows: Notwithstanding any other provision of law to the contrary, prior to confirmation of a judgment of default against a political subdivision of the state or any of its departments, offices, boards, commissions, agencies, or instrumentalities, a certified copy of the minute entry constituting the judgment entered pursuant to Article 1701, together with a certified copy of the petition or other demand, shall be sent by the plaintiff or his counsel by registered or certified mail to the proper agent or person for service of process at the office of that agent or person. The person mailing such items shall execute and file in the record an affidavit stating that these items have been enclosed in an envelope properly addressed to the proper agent or person for service of process, with sufficient postage affixed, and stating the date on which such envelope was deposited in the United States mails. In addition the return receipt shall be attached to the affidavit which was filed in the record.

. La.R.S. 13:3923 reads as follows: It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in such cases, but the court shall render judgment for the monthly, semimonthly, weekly or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The gamisher shall serve upon the garnishee the citation, the petition, the garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include, but not be limited to, the principal, interest, court costs incurred to date, and attorney's fee due under the judgment. The court, in *491 its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eighty days after the termination. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.

. La.Code Pract. art. 263 read as follows: If the garnishee, to whom interrogatories have been put, refuse or neglect to answer the same under oath in the delay of the law, such refusal or neglect shall be considered as a confession of his having in his hands property belonging to the debtor, sufficient to satisfy the demand made against such debtor, and judgment shall be rendered against him for the amount claimed by the defendant, with interest and costs.