| t CARAWAY, J.
In this wage garnishment proceeding, a judgment pro confesso was entered against the employer ordering payment of the entirety of the underlying judgment. The employer was late in answering the garnishment interrogatories. Nevertheless, the employer appeared at the trial of the matter and produced payroll checks and data for 32 weeks of wage payments subsequent to the date of service of the interrogatories. After the seizing creditor contested the accuracy of the employer’s wage data, the trial court ruled that the employer concealed the total wages and employment hours and entered judgment pro con-fesso. Finding that a personal judgment pro confesso was procedurally inappropriate under the facts of this case, we reverse the trial court.

Facts

This action was commenced by plaintiffs, Economy Fire & Casualty Company and David Roy Coffey (hereinafter collectively “Economy”), in Caddo Parish to make ex-ecutory a $15,944.06 Bossier Parish judgment against Tracey Swaney and to commence wage garnishment proceedings against Falcon Crane and Equipment Company, Inc. (“Falcon”). Falcon is the employer of Tracey’s husband, James Swa-ney (“James”). Garnishment interrogatories were served on Falcon on February 10, 1998, and Falcon failed to timely respond with answers to the interrogatories.
On April 17, 1998, Economy filed a “Motion for Entry of Judgment” against Falcon. Citing La. C.C.P. art. 2413 and Falcon’s failure to answer, Economy sought judgment against Falcon for the entire *824 $15,944.06 judgment, plus interest on that judgment, and attorney’s fees and costs for the garnishment proceeding.
Before a hearing on Economy’s Motion for Entry of Judgment, Falcon’s attorney contacted Economy’s counsel, and on July 8, 1998, Falcon filed answers 12to the garnishment. Falcon’s answers admitted James’s employment, and attached to the answers were copies of James’s paychecks and pay stubs revealing hourly payroll data, wages and withholdings for weekly work periods from February 15, 1998 through June 28, 1998. The record does not show that, pursuant to La. C.C.P. art. 2414, the clerk served written notice of the filing of Falcon’s answers on Economy.
On August 7, 1998, Falcon filed a response to Economy’s motion. In the response, Falcon attempted to explain its delay in initially answering the garnishment interrogatories. Additionally, Falcon’s response noted the following:
“A dispute apparently has arisen over the proper amount to be withheld from Mr. Swaney’s checks on a periodic basis, but, despite requests the Plaintiff/Gar-nishor has not specified the errors it perceives in the calculations.”
Without further pleadings by either party, Economy’s Motion for Entry of Judgment was tried on September 21, 1998. Payroll records were filed supplementing Falcon’s answers to interrogatories through September 13, 1998. Records revealed that Falcon also delivered $1,571.41 to the Caddo Parish Sheriff as the nonexempt portion of James’s wages. The payroll data from February through September reveals that the hours worked by James decreased dramatically after mid-April with no overtime hours reported. Before mid-April, James worked, on average, over 50 hours per week. For 16 weeks thereafter, James averaged only 18 hours per week, and in the final seven weeks before the September hearing, he averaged 33 hours per week.
Economy presented the testimony of three private investigators who, through surveillance and recorded statements, obtained information indicating that James had worked for Falcon many additional hours than the hours listed in Falcon’s payroll records. From this evidence, Economy claimed that considerable “off-the-books” income was paid to James by Falcon. Economy was unable to ^subpoena James for the trial, and he did not testify. Likewise, other than the payroll records submitted by Falcon, no additional financial documents of Falcon were presented into evidence.
Falcon was represented at the hearing by its president, Michael Long. Long denied that he allowed James to work “off-the-books.” He explained that Falcon’s crane business employed crane operators like James as full-time employees, yet the hours worked by operators depended upon the volume of the lifting contracts of Falcon’s business. He testified that James also performed general maintenance for Falcon, and that in April 1998, James had cut back on his hours worked. Long also testified that James sometimes remained at Falcon’s facilities to work on his motorcycle.
After hearing all of the testimony, the trial court rendered judgment against Falcon, stating, in part:
In this case, Falcon failed to prove the extent of its liability and has presented false testimony and documents in this case. Plaintiffs have proven that Falcon has concealed the true wages and work hours of Swaney. Falcon has failed to rebut plaintiffs prima facie case and for the foregoing reasons the plaintiffs are entitled to the Enforcement of Judgment Against Garnishee, Falcon Crane & Equipment Co., Inc., together with all attorney’s fees, cost[s] and other expenses incurred.
Based upon this ruling and the judgment incorporated therein and upon the additional ruling of the trial court denying Falcon’s motion for new trial, the trial *825 court rendered judgment against Falcon for the entirety of the $15,944.06 judgment against Tracey Swaney, plus legal interest. Regarding the award of the attorney’s fees and costs, the amount of those fees and costs was not fixed by the trial court.

Discussion

Underlying its various assignments of error, Falcon disputes the personal liability and burden of proof which the trial court imposed upon Falcon despite its answers to the garnishment interrogatories admitting James’s wages. The trial 14court ruled that “Falcon has failed to prove the extent of its liability” and “has failed to rebut plaintiffs prima facie case,” and accordingly, Falcon was held personally liable for the $15,944.06 judgment. This ruling was awarded under La. C.C.P. art. 2413(A), because of Falcon’s failure to timely answer the garnishment interrogatories. Because we find that the personal judgment pro confesso against the garnishee was inappropriate in this wage garnishment case, we reverse the ruling of the trial court.
The Code of Civil Procedure’s general provisions on garnishment and the special statutory provisions for wage garnishments have application together for the resolution of this dispute. La. C.C.P. arts. 2411, et seq. and La. R.S. 13:3921, et seq. Garnishment interrogatories directed to an employer seek information regarding the judgment debtor’s employment, rate of compensation, manner of wage payments, and other garnishments or claims affecting the employee’s compensation. La. R.S. 13:3924. The Code of Civil Procedure requires that garnishment interrogatories be answered within fifteen days from date of service upon the garnishee. La. C.C.P. art. 2412(D). Unlike other garnishments, a wage garnishment can be continuing in nature for the accrual of future wages after the time of the initial service of the garnishment interrogatories. La. R.S. 13:3923 and La. C.C.P. art. 2411(C).
La'. C.C.P. art. 2413(A) provides in pertinent part as follows:
“If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. * * * The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.”
Upon the adoption of the Code of Civil Procedure and the enactment of Article 2413, the seizing creditor’s right to obtain an ex parte judgment pro confesso against the non-responsive garnishee ended. Comment (a), La. C.C.P. Dart. 2413. The creditor must now serve a contradictory motion upon the garnishee who fails to answer. A contradictory motion seeks an order “to which the mover is not clearly entitled, or which requires supporting proof....” La. C.C.P. art. 963.
Additionally, original comment (b) to Article 2413 notes that a personal judgment or judgment pro confesso after a garnishee’s filing of untimely answers would be inappropriate in accordance with the reasoning of this court in Victoria Lumber Co. v. Woodson, 13 La.App. 30, 127 So. 95 (2d Cir.1930). In that case, the seizing creditor obtained an ex parte judgment against the garnishee on the first day after the garnishee’s time for answering ended. Although the garnishee was not present in open court at the time of judgment, his untimely answer denying possession of property of the debtor was filed on the same day, before rendition of that judgment pro confesso. In reversing the judgment, this court compared the procedure for judgment pro confesso against the dilatory garnishee to the procedure for default judgments, stating:
In garnishment proceedings, no motion is necessary to obtain a default against the garnishee. His failure to appear is a *826 default or a confession that he is indebted unto plaintiff as alleged and authorizes a final judgment by motion. In ordinary proceedings, if the debtor neither appear nor file answer in two clear, legal days, a definitive judgment will be given against him if plaintiff prove his claim. But, “if the defendant, on the very day when a definitive judgment by default was to have been rendered against him, appear and file his answer, the first judgment taken shall be set aside.” Code of Practice, art. 314.
Under the Code and our jurisprudence, it matters not how long a case may stand on preliminary default, such default is set aside by answer filed at any time previous to its confirmation. So, in garnishment proceedings, if the garnishee file his answer at any time previous to motion for judgment pro confesso, his default or confession resulting from his failure to answer within ten days is set aside and there is issue joined between him and plaintiff.
Id. at 97.
In view of this legislative history and jurisprudential reasoning upon which Article 2413 is based, we find that the trial court’s rendition of a personal | ¿judgment pro confesso was improper in this case. The code requires a contradictory hearing with notice to the non-responsive garnishee to appear. La. C.C.P. art. 2594. If, as the result of the garnishee’s prior default, judgment is already confessed and conclusive with nothing left to be contradictorily tried, the garnishee’s appearance at the contradictory hearing and the filing of his answers before judgment would be useless acts. Instead, similar to a defendant’s answer filed at the confirmation hearing for a default judgment, the garnishee’s answer and appearance on the date of the contradictory hearing with some supporting proof of his answers should prevent a personal judgment pro confesso.[1] In such case, the seizing creditor is entitled to court costs and attorney’s fees for the expenses occasioned by the garnishee’s untimely answers. La. C.C.P. art. 2413(C). Nevertheless, the focus of the case shifts away from personal liability by default and back to its original purpose which is for seizure under a writ of fifa of the judgment debtor’s property or wages in the control of the garnishee.
This conclusion is also supported by the language of the second sentence of La. C.C.P. art. 2413(B), which provides as follows:
“If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.”
In this case, despite its late answers, Falcon appeared at the contradictory hearing and proved that James was paid at least the wages shown on the Falcon pay checks. We therefore disagree with the trial court that the submitted payroll checks were shown at trial to be false documents. There may have been additional 17wage payments made by Falcon to James as suggested by Economy’s evidence. Nevertheless, significant wages were proven by Falcon. Accordingly, under Art. 2413(B), the judgment against Falcon shall be limited to the delivery of the proven wages, and personal liability for the entirety of the prior judgment is no longer an issue.
Finally, in reaching this conclusion, we find further support in the special procedure applicable to wage garnishments *827 and in the practical consideration that a seizing creditor’s garnishment of wages is directed at an employer which would ordinarily not be expected to have in its control on the date of seizure an amount of wages sufficient to pay the judgment debt. Recognizing this and the continuing effect of wage garnishments, La. R.S. 13:3923 allows that:
“Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.”
See, Mid-City Inv. Co. v. Batiste, 248 So.2d 88 (La.App. 1st Cir.1970), writ not considered, 258 La. 912, 248 So.2d 585 (1971) (where, after the rendition of a judgment pro confesso, the court held that the trial court’s failure to grant the employer/garnishee’s motion for new trial to admit evidence of termination of employment was an abuse of discretion).
In this case, Falcon’s answers, admitting and documenting James’s wages, were filed prior to the date of the contradictory hearing for Economy’s Motion for Entry of Judgment. Therefore, a personal judgment against Falcon for $15,944.06 was no longer an available remedy for Economy. Economy could accept Falcon’s admissions and under La. R.S. 13:3922 and La. C.C.P. art. 2415 have a judgment rendered ex parte for the delivery of the nonexempt portion of James’s wages without a hearing, or otherwise, amend its motion which sought entry of the judgment pro confesso to specify grounds and give notice for the traversal of Falcon’s answers. In any event, at the contradictory hearing in this case, Economy | ^failed to prove the specific amount of unreported, additional wages which Falcon may have paid to James between February 1998 and the date of the hearing. This absence of proof prevents us from rendering de novo an order against Falcon for delivery to the sheriff of a specific amount of any additional wages earned between the time of the original February 1998 service on Falcon and the September 1998 hearing.[2]

Conclusion

Accordingly, we reverse the trial court’s ruling awarding Economy a personal judgment against Falcon for the $15,944.06 judgment. The case is remanded to the trial court for entry of judgment pursuant to La. R.S. 13:3921, et seq. in the amount of James’s non-exempt wages as documented by the wage documents and other records presented at trial and for further orders and proceedings pertaining to the wages subject to the seizure accruing after the September 21, 1998 hearing. Economy’s right to have the trial court fix on remand the amount of attorney’s fees and costs for the filing of its Motion for Entry of Judgment shall not be prejudiced by this ruling. Costs of appeal are assessed equally to Falcon and Economy.
REVERSED AND REMANDED.

. Contrary to the redactors' approval of the process in Victoria Lumber Co., supra, as expressed in their comment to La. C.C.P. art. 2413, the language of section (B) of the article seems to require that the garnishee appear at the contradictory hearing and produce some evidence in support of his answers. If the garnishing creditor is dissatisfied with the garnishee's proof, which in some cases involves proof of negative assertions, the garnishing creditor's traversal through rebuttal evidence should in most cases only result in a garnishment judgment ordering delivery to the sheriff and not the harsh remedy of judgment pro confesso.

. While we can agree with the trial court that highly suspicious circumstances were demonstrated by Economy regarding the extent of James’s work and wages, no financial records of either Falcon or James were produced by Economy at the hearing to prove the additional wages subject to the seizure. Any claim of fraudulent misrepresentation which Economy might assert against Falcon for personal liability and damages may not be presented in this summary proceeding for garnishment, but must be brought as an ordinary action.