I «GUIDRY, Judge.
Judgment creditor in a garnishment proceeding appeals the judgment of the trial court finding debtor to be an independent contractor and thereby holding garnishee not liable for payment of the debt owed. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
Tonya Carpenter,[2] the debtor in this matter, defaulted on an obligation owed to Tower Credit, Inc. (“Tower”). On July 21, 1999, a judgment was rendered in favor of Tower against Ms. Carpenter in the amount of $10,309.68, representing the debt owed, plus accrued interest and attorney’s fees. Thereafter Tower filed a petition to make the judgment executory and for the garnishment of Ms. Carpenter’s wages to satisfy the debt. As a result of this filing, garnishment interrogatories were served on Kimberly L. Caviness d/b/a Cinnamin’s Lounge (“Cinnamin’s”), on October 6, 1999. Ms. Caviness is the owner of Cinnamin’s, a bar and lounge. Ms. Ca-viness failed to answer the interrogatories within the time allowed and Tower filed a motion for “judgment pro confesso.” A hearing was held on the motion and by a judgment signed May 1, 2000, the motion was denied. Tower devolutively appeals.
ASSIGNMENTS OF ERROR
In this appeal, Tower raises seven specifications of error for our review:
1. The lower court erred in that it found that Cinnamin’s never held any property of Ms. Carpenter.
*337 2. The lower court erred in that it found that Cinnamin’s has never been indebted to Ms. Carpenter for any sum of money.
3. The lower court erred in finding that that [sic] Cinnamin’s did not pay wages to Ms. Carpenter.
[34. The lower court erred in finding that Cinnamin’s lounge had no control over any “other moneys” earned by Ms. Carpenter during her shifts.
5. The lower court erred in holding that an independent contractor’s earnings are not subject to garnishment.
6. The lower court erred in finding that Ms. Carpenter was an independent contractor and not an employee of Cinnamin’s.
7. The lower court erred in denying Tower Credit, Inc.’s Motion for Judgment Pro Confesso; and thereby, refusing to hold Cinnamin’s hable for the entire unpaid[,] underlying judgment.
DISCUSSION
In its first four specifications of error, Tower contests the trial court’s findings that Cinnamin’s never held any property or was indebted to Ms. Carpenter. The record does not support this finding by the trial court. At the hearing on the motion for judgment pro confesso, Ms. Caviness testified that Ms. Carpenter was hired as a waitress and, according to her records, Ms. Carpenter worked at least two days between October 6 and October 26, 1999. She further testified that Ms. Carpenter was compensated in the following manner on the days she worked: (1) $20.00 paid by Cinnamin’s at the time of closing for working the entire night; (2) one-third of the amount of any tip paid by credit card from customers waited on by Ms. Carpenter; and (3) all cash tips paid to her by customers. Ms. Caviness further explained that Cinnamin’s would pay Ms. Carpenter in cash her portion of any tip indicated on the credit card receipt for customers waited on by Ms. Carpenter.
Ms. Carpenter confirmed the testimony of Ms. Caviness in all respects except in regards to when she stopped working at Cinnamin’s. Ms. Caviness testified that Ms. Carpenter stopped working in October, whereas Ms. Carpenter testified that she recalled working into the month of November, 1999. Nevertheless, based on this testimony it is evident that Cinnamin’s was indebted to Ms. Carpenter on at least two occasions in an amount equal to $20.00 plus one-third of any credit card tips paid by customers waited on by Ms. Carpenter.
| ¿Garnishment proceedings generally are governed by the La. C.C.P. art. 2411 et seq. Garnishment of a debtor’s wages is a procedure specifically governed by La. R.S. 13:3921 et seq., along with the general provisions found in the Code of Civil Procedure. Lafayette Parish School Board v. Keller, 96-581, p. 4 (La.App. 3rd Cir.12/30/96), 689 So.2d 487, 489, writ denied, 97-0311 (La.3/21/97), 691 So.2d 88; Houma Mortgage & Loan, Inc. v. Marshall, 94-0728, p. 5 (La.App. 1st Cir.11/9/95), 664 So.2d 1199, 1203. Louisiana Code of Civil Procedure article 2411(B) states that upon service of the petition, citation, and interrogatories, seizure is thereby effected against any property of and indebtedness of the judgment debtor. From the moment of such seizure the garnishee becomes the legal custodian of future wages and is obliged to hold them subject to order of the Court. Sun Sales Co. v. Hodges, 224 So.2d 157, 160 (La.App. 4th Cir.1969). The record shows that service of the petition, citation, and garnishment interrogatories was made on Ms. Caviness on October 6, 1999. Thereafter, any money owed or paid to Ms. Carpenter by Cinnamin’s constituted prop *338 erty or indebtedness of the judgment debt- or. The record clearly shows that Ms. Carpenter worked at Cinnamin’s on at least two occasions following service of the garnishment pleadings. As such, Cinna-min’s was indebted to Ms. Carpenter and the trial court’s judgment finding to the contrary is clearly wrong.
From its reasons for judgment, it is clear that the trial court arrived at this erroneous conclusion based on its belief that Ms. Carpenter is an independent contractor and that as such, the garnishment laws are inapplicable. Without discussing the correctness of the trial court’s determination as to Ms. Carpenter’s employment status, we note that La. R.S. 13:3921 states that the wage garnishment provisions are applicable “[i]n every case in which the wage or salary of a laborer, wage earner, artisan, mechanic, engineer, fireman, carpenter, bricklayer, secretary, bookkeeper, clerk, employee on a commission basis, or employee of any natureJ^and kind whatever, whether skilled or unskilled, shall be garnished.... ” (emphasis added) Thus, it is of no consequence whether Ms. Carpenter is classified as independent contractor or regular employee. See Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (La.1958) (in which garnishment of a sum owed an independent contractor was upheld). Accordingly, we find the provisions of the garnishment statutes are fully applicable and equally binding on Cinnamin’s as a garnishee that possesses property of and is indebted to Ms. Carpenter. The trial court clearly erred in holding that based on its determination that Ms. Carpenter was an independent contractor, Cinnamin’s never held any property nor was ever indebted to Ms. Carpenter.
Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. Ferrell v. Fireman’s Fund Insurance Co., 94-1252, p. 7 (La.2/20/95), 650 So.2d 742, 747; Benware v. Means, 98-0203, p. 7-8 (La.App. 1st Cir.5/12/00), 760 So.2d 641, 646, writ denied, 00-2215 (La.10/27/00), 772 So.2d 650. Therefore, we shall review de novo the remaining issues presented in this appeal.
The determination as to whether Tower is entitled to judgment pro confesso is governed by following articles from the Code of Civil Procedure:
Art. 2413. Effect of garnishee’s failure to answer
A. If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
B. Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the | ^garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 24,15. (emphasis added).
C. Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee *339 for the costs and a reasonable attorney fee for the motion.
Art. 2415. Delivery of property or payment of indebtedness to sheriff
When the garnishee admits in his answer, or when on trial of a contradictory motion under Article 2413 or Article 2414 it is found that he has in his possession property belonging to the judgment debtor or is indebted to him, the court shall order the garnishee to deliver the property immediately to the sheriff or to pay him the indebtedness when due. Delivery or payment to the sheriff discharges the garnishee’s obligation to the judgment debtor to the extent of the delivery or payment.
This article does not apply to garnishment of wages, salaries, or commissions. (emphasis added).
By the clear wording of Article 2413(B), the only way a garnishee who fails to answer garnishment interrogatories propounded to it can avoid a judgment pro confesso is if it can prove at the hearing on the contradictory motion that it had no property of and was not indebted to the judgment debtor. As previously stated in this opinion, the evidence presented at the hearing on the motion for judgment pro confesso established that Cinnamin’s did in fact possess property of and was indebted to the judgment debtor. Hence, Cinna-min’s is unable to prevent judgment being rendered against it.
In the alternative, Cinnamin’s argues that any judgment rendered against it should be limited to the amount of property or indebtedness proven at the hearing in accordance with the second sentence of La. C.C.P. art. 2413(B). However, as we shall explain, we find this provision of the statute inapplicable to the garnishee in this matter.
First, we note that Cinnamin’s did not definitively prove the amount of property possessed or indebtedness owed to Ms. Carpenter. Second, and more ^importantly, the application of the aforementioned portion of La. C.C.P. art. 2413(B) is expressly limited by Article 2415, which provides that its provisions do not apply to the garnishment of wages, salaries, or commissions. Since the garnishment at issue in this appeal is of wages, salaries or commissions, then by the express wording of Article 2415, read in conjunction with Article 2413, the option of a judgment limited to the amount of the property or indebtedness is not available to Cinnamin’s under the facts of this case. When a wage garnishee fails to answer the interrogatories prior to the filing of the contradictory motion, then its defense is to prove that it holds no property or is not indebted to the judgment debtor. Otherwise, the garnishee is confined to seeking to have the judgment set aside and the case reopened pursuant to La. R.S. 13:3923. See Commercial Securities Company, Inc. v. Corsaro, 417 So.2d 1346 (La.App. 3rd Cir.1982); Beneficial Finance Company of Louisiana v. Haviland, 411 So.2d 1102 (La.App. 4th Cir.1982). In any event, the evidence and the law clearly indicate that Tower was entitled to judgment pro confesso in its favor.
The cases cited by Cinnamin’s in its appellate brief in support of its alternative argument are all factually distinguishable from the case before us. Specifically, in those cases the garnishee either tardily, but nonetheless, answered the garnishment interrogatories prior to the granting of the judgment pro confesso, see Economy Fire & Casualty Company v. Swaney, 33,950 (La.App. 2nd Cir.10/4/00), 768 So.2d 822, writ denied, 00-3045 (La.1/5/01), 778 So.2d 601; Houma, 94-0728, 664 So.2d 1199; River Parish Financial Service, Inc. v. Stewart, 474 So.2d 1025 (La.App. 5th Cir.1985), or the judgment was set *340 aside and the case reopened pursuant to La. R.S. 13:3923, see Commercial Securities Company, Inc., 417 So.2d 1346; Beneficial Finance Company of Louisiana, 411 So.2d 1102. In the cases where the garnishee tardily filed answers to the garnishment interrogatories, the court denied judgment pro confesso based on general Isprovisions for default judgments found in the Code of Civil Procedure wherein a party can set aside a preliminary default by filing an answer to the petition prior to the rendering of a final default judgment. Victoria Lumber, Co. v. Woodson, 13 La.App. 30, 34, 127 So. 95, 98 (La.App. 2nd Cir.1930).
In the case before us, Cinnamin’s never filed answers to the garnishment interrogatories. Therefore, in accordance with the garnishment statutes and jurisprudence, judgment pro confesso should have been rendered against Cinnamin’s in accordance with La. C.C.P. art. 2413. We, therefore, reverse the judgment of the trial court and render judgment accordingly.
CONCLUSION
Based on the foregoing discussion, we hold that the trial court erred in holding that because Ms. Carpenter was an independent contractor, Cinnamin’s held no property of and was not indebted to her. We further hold that due to Cinnamin’s failure to file answers to the garnishment interrogatories or to prove that it held no property of and was not indebted to Ms. Carpenter, it is liable in judgment pro confesso for the entire debt owed by Ms. Carpenter to Tower Credit, Inc. All costs of this appeal are assessed to the garnishee, Kimberly Caviness d/b/a Cinnamin’s Lounge.
REVERSED AND RENDERED.

. At the hearing on this matter, Tonya Carpenter was referred to as "Tonya Smith.” Ms. Carpenter explained that "Carpenter” was her divorced name. In this opinion, however, we will refer to her as Carpenter.